O'BRIEN ET AL. v. SKINNER, SHERIFF, ET AL.

No. A–484.   Decided November 6, 1972

MR. JUSTICE MARSHALL, Circuit Justice.

Applicants, 72 prisoners in County Jail in Monroe County, New York, applied to me in my capacity as a Circuit Justice for a stay of a New York Court of Appeals judgment entered November 3, 1972.

The applicants are either convicted misdemeanants or persons who have been convicted of no crime but are awaiting trial. New York law makes no provision for the disfranchisement of these groups. Nonetheless, applicants allege that they have been prevented from registering to vote because correctional and election officials have refused to provide them with absentee ballots, refused to establish mobile voting and registration equipment at the prison, and refused to transport them to the polls. Applicants argue that these restrictions on their right of franchise are not supported by the sort of "compelling state interest" that this Court has in the past

required.  See, *e. g., Dunn* v. *Blumstein,* 405 U. S. 330 (1972).  They challenge the constitutionality of the New York statute that permits absentee voting by persons confined to state institutions by reason of physical disability but makes no provision for absentee voting by persons confined to state prisons after misdemeanor convictions or while awaiting trial.

In response, respondents rely on this Court's decision in *McDonald* v. *Board of Election Comm'rs,* 394 U. S. 802 (1969).  In *McDonald* we held that, under the circumstances of that case, the mere allegation that Illinois had denied absentee ballots to unsentenced inmates awaiting trial in the Cook County jail did not make out a constitutional claim.  I am not persuaded, however, that *McDonald* governs this case.  Cf. *Goosby* v. *Osser,* 452 F. 2d 39 (CA3 1971), cert. granted, 408 U. S. 922 (1972).  In *McDonald* there was "nothing in the record to indicate that the Illinois statutory scheme [had] an impact on appellants' ability to exercise the fundamental right to vote."  394 U. S., at 807.  We pointed out that the record was "barren of any indication that the State might not, for instance, possibly furnish the jails with special polling booths or facilities on election day, or provide guarded transportation to the polls themselves for certain inmates, or entertain motions for temporary reductions in bail to allow some inmates to get to the polls on their own."  *Id.,* at 808 n. 6.  Here, in contrast, it seems clear that the State has rejected alternative means by which applicants might exercise their right to vote.  Deprivation of absentee ballots is therefore tantamount to deprivation of the franchise itself, and it is axiomatic that courts must "strictly scrutinize" the discriminatory withdrawal of voting rights.  See, *e. g., Harper* v. *Virginia Board of Elections,* 383 U. S. 663, 670 (1966).

Compelling practical considerations nonetheless lead me to the conclusion that this application must be denied. Applicants waited until the last day of registration before submitting their registration statements to election officials, and they filed this application a scant four days before the election.

Moreover, neither party submitted to me the Court of Appeals opinion denying relief until 4 o'clock this afternoon, and I still do not have before me any written indication as to whether applicants have applied to the state court for a stay or as to the state court's disposition of any such application.

Even if it were possible to arrange for absentee ballots at this late date, election officials can hardly be expected to process the registration statements in the remaining time before the election. It is entirely possible that some of the applicants are disqualified from voting for other reasons or that, while qualified to vote somewhere in the State, they are not qualified to cast ballots in Monroe County. The States are, of course, entitled to a reasonable period within which to investigate the qualifications of voters. See *Dunn* v. *Blumstein, supra,* at 348.

Voting rights are fundamental, and alleged disfranchisement of even a small group of potential voters is not to be taken lightly. But the very importance of the rights at stake militates against hasty or ill-considered action. This Court cannot operate in the dark, and it cannot require state officials to do the impossible. With the case in this posture, I conclude that effective relief cannot be provided at this late date. I must therefore deny the application.