### BIGGER v CITY OF PONTIAC

1. COURTS—TIME LIMITS—EVIDENTIARY HEARING.

   The law requires speedy resort to the courts by those who wish to prevent or modify contemplated transactions or procedures in cases where because of the nature of the subject matter absolute time limits must be observed; those who would avail themselves of our processes must do so in a manner which facilitates an orderly process of adjudication within the given time frame and, where orderly presentation of the claims asserted would appear to require an evidentiary hearing, defendants' counsel are entitled to a reasonable time to prepare for such a hearing, the court a reasonable time to deliberate and reflect upon its decision.

2. APPEAL AND ERROR—COURT OF APPEALS—SUPREME COURT.

   The appellate process requires time for orderly presentation and decision; the ordinary course of appellate adjudication in the State of Michigan is for cases to be heard first in the Court of Appeals and normally the Michigan Supreme Court will consider a case only if it deems further appellate review to be necessary.

3. COURTS—TIME FOR ADJUDICATION.

   Courts may refuse to entertain a case if the plaintiff fails to resort to the courts without delay, within the context of the time available for adjudication.

4. APPEAL AND ERROR—APPEAL PRIOR TO DECISION BY COURT OF APPEALS—SUPREME COURT—ORDERS—BONDS—STADIUM.

   Plaintiffs would obtain by the mere lapse of time the relief which

---

\* Continued from Volume 389 Michigan.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 20 Am Jur 2d, Courts §§ 84, 86.
[2] 4 Am Jur 2d, Appeal and Error §§ 292–308.
[4] 5 Am Jur 2d, Appeal and Error §§ 1025, 1028.

they had been denied by the circuit judge if the Michigan Supreme Court did not grant bypass of the Court of Appeals and enter a final order as the continuation of the litigation would prevent delivery of bonds which were to defray a part of the cost of acquiring a stadium.

Appeal from Oakland, Arthur E. Moore, J., and from Court of Appeals prior to decision. Submitted August 21, 1973. (No. 14 June Term 1973, Docket No. 55,162.) Decided August 24, 1973. Opinion filed September 4, 1973. Certiorari denied by the United States Supreme Court February 19, 1974.

Complaint by Edward R. Bigger and others against the City of Pontiac and the City of Pontiac Stadium Building Authority to prevent construction of a stadium. Accelerated and summary judgments for defendants. Defendants appealed to the Court of Appeals and applied to the Supreme Court for leave to appeal prior to decision by the Court of Appeals. Leave granted. Affirmed.

*James E. Wells,* for plaintiffs.

*Dickinson, Wright, McKean & Cudlip* (by *Milton M. Thompson)* and *Alger H. Strom,* Deputy City Attorney, for defendants.

PER CURIAM. On August 24, 1973, the following order was entered by this Court:

"On order of the Court, application by defendants and appellants for leave to appeal prior to decision by the Court of Appeals and plaintiffs-appellees' brief responding to the specified questions directed by order of this Court dated August 15, 1973 are considered and defendants-appellants' application for leave to appeal prior to decision of the Court of Appeals is hereby GRANTED pursuant to GCR 1963, 852.1.

"Upon review of the records below and briefs of the parties and pursuant to GCR 1963, 852.2(4)(g) and 865.1(7), the judgment of the Oakland County Circuit Court dated August 8, 1973, granting accelerated judg-

ment in favor of defendants and dismissing plaintiffs' complaint with prejudice is affirmed. Opinion to follow.

"It is further Ordered, in view of the limited time which remains under the circumstances disclosed by the record below, that no motion for rehearing or for stay of this order will be entertained by this Court. Final process shall issue forthwith.

"T. E. Brennan and Williams, JJ., not participating."

Our opinion[1] is as follows:

At a special election on December 11, 1972, the voters of the City of Pontiac approved a ballot proposition authorizing the issuance of full faith and credit bonds of the city in principal amount not exceeding $15,950,000 to defray a part of the cost of acquiring a stadium (including site, parking facilities, equipment and other appurtenances) through the agency of the City of Pontiac Stadium Building Authority, for sports, entertainment, recreational and other public purposes.

It was contemplated that the balance of the cost would be provided by the sale of revenue bonds by the Authority.

Thereafter a lease agreement was entered into between the city and the Authority, and a sublease and licensing agreement between the city and the Detroit Lions, Inc. was also entered into. The issuance of the bonds was approved by the Municipal Finance Commission on June 19, 1973. The bonds were advertised and on July 17, 1973 they were sold. They are required to be delivered on August 31, 1973.

It was originally contemplated that the stadium would be built with a dome or roof.

The principal claims asserted in the complaint (filed in the circuit court, Docket No. 73-101,042 on August 1, 1973) concern the decision to defer

---

[1] Mailed to the parties August 27, 1973.—REPORTER.

construction of the dome or roof, the terms of the lease-agreement between the city and the Authority, and the terms of the agreement between the city and the Detroit Lions.

On March 20, 1973, the lease agreement entered into on that date and the decision to defer the dome or roof were made known to the public. The agreement between the city and the Detroit Lions was entered into and simultaneously announced to the public April 23. Nevertheless, the plaintiffs allowed the balance of the month of April, all of the months of May and June and half of the month of July to pass without commencing any legal proceedings. On July 18, one day after the bonds had been sold following public notice of sale, plaintiffs commenced an original action in the Supreme Court. As an original action of this nature in the Supreme Court is not authorized and without precedent, this Court, on July 31, dismissed the action.

Only then, on August 1, a month before the bonds were required to be delivered, plaintiffs commenced the instant action in the circuit court.

In cases where because of the nature of the subject matter absolute time limits must be observed, the law requires speedy resort to the courts by those who wish to prevent or modify contemplated transactions or procedures. *Cf. O'Brien v Skinner,* 409 US 1240; 93 S Ct 79; 34 L Ed 2d 211 (1972) per Marshall, J. as Circuit Justice.

Those who would avail themselves of our processes must do so in a manner which facilitates an orderly process of adjudication within the given time frame.

Orderly presentation of the claims here asserted would appear to require an evidentiary hearing. Defendants' counsel are entitled to a reasonable

time to prepare for such a hearing, the court a reasonable time to deliberate and reflect upon its decision.

In this case had the plaintiffs in April, rather than inexplicably waiting until August, instituted this action, there would have been adequate time for preparation, presentation and reflection.

The appellate process also requires time for orderly presentation and decision. The ordinary course of appellate adjudication in this state is for cases to be heard first in the Court of Appeals. Normally this Court will consider a case only if it deems further appellate review to be necessary. Plaintiffs' late filing effectively precluded consideration of this case by our intermediate appellate court.

We are of the opinion that in cases of this kind, if the plaintiff fails to resort to the courts without delay (within the context of the time available for adjudication) the courts may refuse to entertain the case. This power is, of course, to be exercised cautiously, circumspectly and only in the kind of unusual situation with which we are now presented. In this case we are satisfied that the circuit judge exercised his responsibility correctly and affirm his order of judgment dismissing the complaint. We express no opinion on the merits of the claims asserted in the complaint filed on August 1.

If we did not grant bypass and enter a final order, plaintiffs would obtain by the mere lapse of time the relief which they have been denied by the circuit judge as the continuation of this litigation would prevent delivery of the bonds.

Judgment affirmed, without costs, a public question.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, SWAINSON, LEVIN and M. S. COLEMAN, JJ., concurred.

T. E. BRENNAN and WILLIAMS, JJ., did not sit in this case.