KIMBLE ET AL. v. SWACKHAMER, SECRETARY OF
STATE OF NEVADA, ET AL.

No. A–354 (78–657).   Decided October 20, 1978

MR. JUSTICE REHNQUIST, Circuit Justice.

Applicants request that I "summarily reverse" a judgment of the Supreme Court of Nevada holding that the Constitution of the United States does not prohibit the Nevada Legislature from providing for an advisory referendum on the proposed amendment to the United States Constitution commonly known as the Equal Rights Amendment. In the alternative, they apparently request that I either enjoin the placement of the referendum question on the November ballot in Nevada, or require that the ballots be impounded and their counting be deferred until this Court has had an opportunity to pass on applicants' jurisdictional statement seeking review of the judgment of the Supreme Court of Nevada.

It scarcely requires reference to authority to conclude that a single Circuit Justice has no authority to "summarily reverse" a judgment of the highest court of a State; a single Justice has authority only to grant interim relief in order to preserve the jurisdiction of the full Court to consider an applicant's claim on the merits. 28 U. S. C. § 1651 (b); this Court's Rule 51 (1). Since the likelihood that applicants' claim on the merits would induce four Justices of this Court to note

probable jurisdiction on their appeal seems to me very remote, I find it unnecessary to deal with their contention that failure on the part of a single Justice to grant some sort of interim relief will cause them irreparable injury.

In 1977 the Nevada Legislature enacted a statute requiring the submission of an advisory question to the registered voters of the State as to whether the Equal Rights Amendment should be ratified by the legislature. The statute expressly provides that "the result of the voting on this question does not place any legal requirement on the legislature or any of its members." 1977 Nev. Stats., ch. 174, §§ 3, 5. Applicants asked the Nevada state courts to enjoin respondent Swackhamer, the Secretary of State of Nevada, from complying with the statute. The trial court in Carson City denied their request for relief, and the Supreme Court of Nevada affirmed that ruling by a vote of four to one.

Applicants contend that the Nevada statute providing for an advisory referendum for the benefit of the legislature is repugnant to Art. V of the United States Constitution because it "alters the mode of ratification of a proposed constitutional amendment by . . . providing for citizen participation in the amendatory process through the State's electoral machinery." Juris. Statement 3. Applicants also contend that Art. V is offended insofar as the statute requires the Nevada Legislature to defer action on ratification until it receives the results of the referendum, which is not to occur until the next regularly scheduled election of Nevada legislators.

The plain meaning of the Nevada statute and the opinion of the Supreme Court of Nevada convince me that the deferral issue presented by the latter contention is not in this case because the Nevada statute does not *prevent* the state legislature from acting on the Equal Rights Amendment before the referendum. That the Nevada Legislature is *unlikely* to vote on the amendment before a referendum that it mandated

is not a constitutionally cognizable grievance. Applicants' other contention, objecting to citizen participation in the amendatory process, is in my opinion not substantial because of the nonbinding character of the referendum. The Supreme Court of Nevada said with respect to the statute that it "does not concern a binding referendum, nor does it impose a limitation upon the legislature. As already noted, the legislature may vote for or against ratification, or refrain from voting on ratification at all, without regard to the advisory vote. The recommendation of the voters is advisory only." App. to Juris. Statement 4a.

Under these circumstances, applicants' reliance upon this Court's decisions in *Leser* v. *Garnett*, 258 U. S. 130 (1922), and *Hawke* v. *Smith*, 253 U. S. 221 (1920), is obviously misplaced. Both seem to me to stand for the proposition that the two methods for state ratification of proposed constitutional amendments set forth in Art. V of the United States Constitution are exclusive: Ratification must be by the legislatures of three-fourths of the States or by conventions in three-fourths of the States. *Leser, supra,* held that Art. V afforded no basis for the argument that an amendment was not properly ratified because ratification resolutions in certain States had not complied with state statutory requirements over and above those prescribed for ratification by Congress and by Art. V. *Hawke, supra,* held that a state statute providing for ratification by a binding referendum of the electorate was contrary to Art. V, since that Article had specified one of the alternative methods as being ratification by the state legislature and Congress had chosen that alternative.

Under the Nevada statute in question, ratification will still depend on the vote of the Nevada Legislature, as provided by Congress and by Art. V. I would be most disinclined to read either *Hawke, supra,* or *Leser, supra,* or Art. V as ruling out communication between the members of the legislature and

1388

their constituents. If each member of the Nevada Legislature is free to obtain the views of constituents in the legislative district which he represents, I can see no constitutional obstacle to a nonbinding, advisory referendum of this sort. The application for interim relief is accordingly

*Denied.*