REQUEST FOR ADVISORY OPINION ON THE
CONSTITUTIONALITY OF 1979 PA 57

Docket No. 64358. Decided January 16, 1980.

The Governor requested an advisory opinion on the constitutionality of 1979 PA 57, an act to implement the amendment to the Constitution concerning limits on state spending and shifting the tax burden to local government, commonly known as the Headlee Amendment. The Court had earlier declined to render an advisory opinion on the same statute on the request of the Legislature, 407 Mich 60 (1979).

In a per curiam opinion signed by Justices Kavanagh, Levin, Ryan, and Moody, the Court declined the Governor's request because none of the concerns which prompted the earlier declination have been eradicated: the potential claims of unconstitutionality are not particularized, there is a factual and jurisprudential void, a premature construction of the Headlee Amendment may embarrass the right especially reserved to taxpayers by that amendment to bring actions in the Court of Appeals, and the request in part affects legislation the effectiveness of which depends on the Court agreeing to the request and responding in a manner predetermined by the Legislature.

Request declined.

Justice Fitzgerald, joined by Chief Justice Coleman and Justice Williams, dissented: One of the reasons given by the Court in declining to render an advisory opinion the first time was that the Constitution does not provide for participation by the Court in the enactment of laws. The Supreme Court indeed plays no part in this governmental function, save when a grave question arises, as here where the Executive must soon propose a state budget, and the Legislature must enact such appropriations as it feels proper. Allocation of available revenue is the lifeblood of a state. An essential contribution which the Court could make toward the state's ordered functioning has been solicited and rejected.

PER CURIAM. On July 30, 1979 this Court declined to grant a request by the Legislature for an

advisory opinion on the constitutionality of 1979
PA 57. In doing so we stated:

"[B]ecause the potential claims of unconstitutionality
are not particularized, because there is a factual and
jurisprudential void, because a premature construction
of the Headlee Amendment may embarrass the right
especially reserved by that amendment to taxpayers to
bring actions in the Court of Appeals, and because the
request in part affects legislation such as HB 4277, the
effectiveness of which depends on this Court agreeing to
this request and responding in a manner predetermined
by the Legislature, a majority of this Court is unable,
being fully mindful of the importance of the questions
involved, and with due respect to the Legislature, to
grant the request to render an advisory opinion." 407
Mich 60, 68; 281 NW2d 322 (1979).

By letter dated December 28, 1979 the Governor
has also asked for an advisory opinion on the
constitutionality of 1979 PA 57. In his letter, the
Governor stated, *inter alia:*

"The answer to this question is of unique and critical
importance to me and to the Legislature as we consider
the Fiscal Year 1981 budget. In the event that section
1a is unconstitutional and such assumptions [financing
and administration of a function after December 22,
1978, which was previously performed by local units of
government] are not countable as state payments under
section 30 [Const 1963, art 9, § 30], it will obvi-
ously be necessary for the state to satisfy the require-
ment by making direct state payments to local units.
Such continuation could inhibit the development of new
and sound policy initiatives or promote deleterious
decentralization."

While we are not unmindful of the budgetary
planning problems alluded to by the Governor, in
the few months which have passed since our previ-
ous decision on this matter, none of the concerns

which originally prompted us to decline the request for an advisory opinion have been eradicated.

For the reasons cited in our previous opinion, we must respectfully decline the Governor's request for an advisory opinion on the constitutionality of 1979 PA 57.

We reiterate the observation we made in *Request for Advisory Opinion on the Constitutionality of 1979 PA 57, supra,* at page 68: "The Court stands ready to examine carefully and to resolve expeditiously any controversy that comes to it out of application of [the Headlee Amendment and legislation pertinent thereto] in a factual setting."

KAVANAGH, LEVIN, RYAN, and BLAIR MOODY, JR., JJ., concurred.

FITZGERALD, J. *(dissenting).* For the second time in six months, this Court has been requested to furnish an advisory opinion on the constitutionality of 1979 PA 57, more specifically legislation relating to the "Headlee Amendment".

The first such request, emanating from the Legislature, was rejected at 407 Mich 60; 281 NW2d 322 (1979), where *inter alia* the Court stated:

"The Constitution provides that the Legislature and the Governor shall participate in the enactment of laws, and does not provide for participation by this Court in that process."

Today this Court, by a 4-to-3 vote, has again rejected such a request, this time submitted by the Governor, reiterating its position and stating:

"[N]one of the concerns which originally prompted us

to decline the request for an advisory opinion have been eradicated."

The addition of a factual setting, as the majority evidently desires, will not solve the immediate problem before the Governor and Legislature.

Once again, a fundamental consideration has been gainsaid: the independent, yet symbiotic relationship of the branches of government.

In the fast-approaching weeks, the Executive must propose a state budget, and the Legislature, guided by it, must enact such appropriations as it feels proper. Allocation of available revenue is the lifeblood of a state. The Supreme Court indeed plays no part in these governmental functions, *save when* a grave question arises as it has today.

But here the Court has been twice asked and has twice refused to furnish needed assistance toward reasoned governance of this state. An essential contribution which this Court could make toward the state's ordered functioning has been solicited and rejected.

Such counsel to the Executive and Legislature, when properly requested and validly needed, is a function only this Court can render. It has done less than its duty today by refusing the advice only it can give in a straitened situation such as this.

The Court should not have contributed to sending the Executive and Legislature down a dark tunnel when the Court could have readily lighted a lamp to guide the way.

COLEMAN, C.J., and WILLIAMS, J., concurred with FITZGERALD, J.