LANGS v CITY OF PONTIAC

Docket No. 43057. Submitted January 16, 1980, at Lansing.—Decided
April 3, 1980.

Charles W. Langs brought on December 13, 1978, an action in
circuit court seeking to enjoin the sale of certain bonds which
were scheduled for sale by the City of Pontiac on December 14,
1978. The City of Pontiac moved for summary and accelerated
judgments. The Oakland Circuit Court, Richard D. Kuhn, J.,
granted the motion for accelerated judgment on the basis that
the plaintiff failed to bring his action in a timely fashion and
granted the motion for summary judgment on the basis that
plaintiff's theory that the sale of the bonds was illegal under
the so-called Headlee amendment to the Michigan Constitution
failed to state a cause of action upon which relief could be
granted, since that amendment, while approved by the elector-
ate, did not take effect until December 22, 1978. Plaintiff
appeals. *Held:*

The granting of accelerated judgment was appropriate since
plaintiff delayed commencement of his action until December
13, 1978, the day before the sale of the bonds, despite the fact
that public knowledge of the scheduled sale of the bonds had
existed since April, 1978, and then proceeded to base his claim
for relief upon a constitutional amendment which, while ap-
proved by the electorate by the date of commencement of the
action, had not yet become effective. Further, while plaintiff
sought to rely upon the approved but not yet effective amend-
ment to the constitution, plaintiff failed to commence the
action in accordance with the provisions of that constitutional
amendment and failed to seek a stay of the order granting
accelerated and summary judgment. Under these circum-
stances, the delay by plaintiff in commencing his action to
enjoin the sale of the bonds until the "eleventh hour" was not
reasonable and justified the refusal of the circuit court to
continue the litigation.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTE
[1] 4 Am Jur 2d, Appeal and Error § 103 *et seq.*
64 Am Jur 2d, Public Securities and Obigation § 478.

APPEAL AND ERROR — ACTIONS — BONDS — CONSTITUTIONAL AMEND-
MENT — DELAY IN COMMENCING ACTION.

The Court of Appeals will not overturn a circuit court's order of
accelerated judgment in favor of a defendant city in an action
seeking to enjoin a December 14, 1978, municipal bond sale
where: (1) the action was commenced on December 13, 1978, (2)
the asserted reason for the delay in commencing the action was
to await the approval by the electorate on November 7, 1978, of
the so-called Headlee amendment to the Michigan Constitution,
(3) the Headlee amendment, while approved by the electorate,
was not to take effect until December 22, 1978, (4) while the
basis for the plaintiff's claim of the illegal nature of the bond
sale was based upon the Headlee amendment, the plaintiff
commenced his action in circuit court rather than the Court of
Appeals, as provided for by the Headlee amendment, and (5)
the plaintiff failed to seek a stay of the circuit court's order
(Const 1963, art 9, §§ 25-34).

*James G. Hartrick,* for plaintiff.

*Miller, Canfield, Paddock & Stone* (by *Gilbert E. Gove* and *Kristine Galien Opperwall),* for defendant.

Before: BEASLEY, P.J., and D. E. HOLBROOK, JR. and R. E. ROBINSON,* JJ.

PER CURIAM. As part of a downtown redevelopment project, defendant City of Pontiac undertook to issue bonds so as to be able to construct a parking facility and pedestrian plaza. Plaintiff started an "eleventh hour" lawsuit on the day before bonds were scheduled for sale to enjoin the sale or other disposition.

Defendant moved for accelerated and summary judgments. The trial court expedited the hearing and granted the motions. Plaintiff appeals as of right.

The trial court granted accelerated judgment

---

* Circuit judge, sitting on the Court of Appeals by assignment.

under *Bigger v City of Pontiac*,[1] pointing out that the scheduled issuance of the bonds to finance the project was known to the public in April, 1978, that plaintiff did not start suit until December 13, 1978, and that the bonds were scheduled for sale on December 14, 1978.

Plaintiff argues that in seeking to sell the bonds without voter approval, defendant sought to circumvent the clear intention of the Headlee amendment to the Michigan Constitution.[2] Plaintiff says that since the Headlee amendment was only adopted at the November, 1978, election and since that amendment did not become effective until December 22, 1978, he was neither "sleeping on his rights" nor tardy in commencing suit.

Plaintiff's argument for distinguishing this case from *Bigger* is not without merit. The Headlee amendment to the constitution contains broad language which may be interpreted to place limitations upon municipal projects funded as here.[3] But we are not unmindful of the fact that as of the date of preparation of this opinion, the Supreme Court has twice denied, in 4-3 votes, requests by the Senate and by the Governor, respectively, to render an advisory opinion regarding the meaning of the Headlee amendment.[4]

---

[1] 390 Mich 1; 210 NW2d 1 (1973), *cert den,* 415 US 917; 94 S Ct 1415; 39 L Ed 2d 471 (1973).

[2] See, Const 1963, art 9, §§ 25-34, inclusive.

[3] Const 1963, art 9, § 31 provides:

"Units of Local Government are hereby prohibited from levying any tax not authorized by law or charter when this section is ratified or from increasing the rate of an existing tax above that rate authorized by law or charter when this section is ratified, without the approval of a majority of the qualified electors of that unit of Local Government voting thereon."

[4] *Request for Advisory Opinion on the Constitutionality of 1979 PA 57,* 407 Mich 60; 281 NW2d 322 (1979) (request by the Senate) and *Request for Advisory Opinion on the Constitutionality of 1979 PA 57,* 407 Mich 506; 286 NW2d 686 (1980) (request by the Governor).

Section 32 of the Headlee amendment specifically gives standing to any taxpayer to bring suit in the Court of Appeals to enforce sections 25 through 31.[5] Plaintiff did not and has not availed himself of this constitutional right to bring suit, if he, in fact, believes the Headlee amendment applies.

Normally, we would hesitate to apply concepts of laches, lack of due diligence, or tardiness in starting suit to a plaintiff who files suit on December 13th for a claim which arguably arises out of a constitutional amendment approved by the electorate on November 7th, and which had, by it terms, a built-in effective date of December 22nd,[6] *after* suit had been started. But, in this case, since the Headlee amendment contains its own built-in appellate provision, and since plaintiff does not seek to come under that provision, we hold that the Headlee amendment does not help plaintiff and does not preclude application of *Bigger, supra.*

We are aware that, but for a *Bigger* rule, projects duly adopted by elected government officials could be delayed and frustrated virtually indefinitely by artful applications of various phases of the judicial process. We particularly note that in the within case, plaintiff did not choose to seek a stay of the order granting accelerated judgment and summary judgment in this Court, or in the Supreme Court, or even in the trial court which granted the judgment.

Our review of plaintiff's other claims persuades us they are without merit.

---

[5] Const 1963, art 9, § 32 provides:

"Any taxpayer of the state shall have standing to bring suit in the Michigan State Court of Appeals to enforce the provisions of Sections 25 through 31, inclusive, of this Article and, if the suit is sustained, shall receive from the applicable unit of government his costs incurred in maintaining such suit."

[6] Const 1963, art 12, § 2.

In this case, defendant claims on appeal that, since plaintiff only sought injunctive relief and since the bonds have been, in fact, issued and sold, plaintiff's claim is moot. Here, we do not characterize plaintiff's claims as moot and do not base decision on that theory. While in some factual situations we might hold the pendency of an appeal was a cloud over the validity of a bond sale, we here do not choose to upset the grant of accelerated judgment.

Affirmed. No costs, a public question being involved.