DURANT v DEPARTMENT OF EDUCATION

Docket No. 51431. Submitted June 11, 1981, at Lansing.—Decided October 19, 1981. Leave to appeal applied for.

Donald Durant and several other individuals, as taxpayers of the Fitzgerald School District, and the Fitzgerald Public Schools brought an original action for mandamus in the Court of Appeals against the Department of Education, the Department of Management and Budget and the State Treasurer, seeking to compel the defendants to fund the Fitzgerald Public Schools in the fiscal year 1979-1980 in the same proportion as in fiscal year 1978-1979. Plaintiffs claim that the state has provided a smaller percentage of revenues than that required by the Michigan Constitution. Defendants deny that allegation and also claim that plaintiffs lack standing to bring the action. *Held:*

1. Plaintiffs have standing to bring the action.

2. The Legislature created the local government claims review board, the function of which is to consider claims of the type involved herein. The plaintiffs have not yet presented their claim to the review board. Because the available administrative remedy has not yet been pursued, judicial review is not available.

Mandamus denied.

1. MANDAMUS — DISPUTED FACTS.

Generally, mandamus will not lie in cases involving disputed or doubtful facts.

2. MANDAMUS — ADMINISTRATIVE LAW.

Mandamus will lie only to compel an administrative agency to carry out its statutorily assigned function where an administrative remedy exists; mandamus will not be utilized to usurp the powers and duties of the administrative agency.

REFERENCES FOR POINTS IN HEADNOTES
[1] 52 Am Jur 2d, Mandamus § 181.
[2] 52 Am Jur 2d, Mandamus §§ 72, 163.
[3] 2 Am Jur 2d, Administrative Law §§ 603, 608.

3. Administrative Law — Exhaustion of Remedies — Judicial
   Relief.
   The exhaustion of administrative remedies is a precondition of
   obtaining judicial relief except where resort to an alternative
   remedy would obviously be a useless effort or where a party
   brings a declaratory judgment action challenging the constitu-
   tionality of the administrative remedy.

*Clark, Hardy, Lewis, Fine & Pollard, P.C.* (by
*Dennis R. Pollard* and *Gary Pollack)*, for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Gerald F.
Young* and *James E. Riley,* Assistants Attorney
General, for defendants.

Before: Danhof, C.J., and M. F. Cavanagh and
D. R. Freeman,* JJ.

Per Curiam. Plaintiffs seek mandamus to com-
pel defendants to fund the Fitzgerald Public
Schools in the same proportion those schools were
funded in fiscal year 1978-1979, pursuant to the so-
called Headlee Amendment, Const 1963, art 9,
§§ 25-34.

Plaintiffs claim that the state has provided for a
smaller percentage of operating revenues for gen-
eral public education in the Fitzgerald Public
Schools, in addition to special education and driver
education, than is required under the Headlee
Amendment. Defendants deny that less money has
been provided and dispute plaintiffs' standing to
bring this suit. This Court issued an order to show
cause, GCR 1963, 816.2(2)(c), thereby bringing the
issues presented before us for plenary considera-
tion.

Our consideration of the briefs and arguments

---

* Circuit judge, sitting on the Court of Appeals by assignment.

convinces us that the issues presented involve questions of fact and mixed questions of fact and law, as well as questions of law. See *Deziel v Difco Laboratories, Inc,* 394 Mich 466, 475; 232 NW2d 146 (1975). Although there may be exceptions for extraordinary circumstances, in general mandamus will not lie in cases involving disputed or doubtful facts. *Powers v Secretary of State,* 309 Mich 530; 16 NW2d 62 (1944).

While plaintiffs assuredly have standing to contest the appropriations for public education, *Waterford School Dist v State Board of Education,* 98 Mich App 658; 296 NW2d 328 (1980), Const 1963, art 9, § 32, the fact that standing has been conferred does not alter the general principles applicable to prerogative writs. *Lepofsky v City of Lincoln Park,* 48 Mich App 347, 356; 210 NW2d 527 (1973).

Where an administrative remedy exists, mandamus will lie only to compel the administrative agency to carry out its statutorily assigned function. Mandamus will not be utilized to usurp the powers and duties of the administrative agency. *Sears v Dep't of Treasury,* 57 Mich App 218; 226 NW2d 63 (1974). This principle flows from the general rule that a precondition to judicial relief is exhaustion of administrative remedies. *Oak Construction Co v Dep't of State Highways,* 33 Mich App 561; 190 NW2d 296 (1971). The only exceptions to this rule are those situations in which resort to an alternative remedy would obviously be a useless effort, *Welfare Employees Union v Civil Service Comm,* 28 Mich App 343; 184 NW2d 247 (1970), *lv den* 384 Mich 824 (1971), or declaratory judgment actions challenging the constitutionality of the administrative remedy. *Trever v Sterling Heights,* 37 Mich App 594; 195 NW2d 91 (1972),

*Dation v Ford Motor Co,* 314 Mich 152; 22 NW2d 252 (1946).

In the present case, the Legislature has chosen to establish an administrative remedy by creating the local government claims review board, 1979 PA 101; MCL 21.240; MSA 5.3194(610). The statute creating this agency does not appear to be unconstitutional on its face, *cf. Request for Advisory Opinion on the Constitutionality of 1979 PA 57,* 407 Mich 60; 281 NW2d 322 (1979), and 407 Mich 506; 286 NW2d 686 (1979), inasmuch as Const 1963, art 9, § 34 directs the Legislature to "implement the provisions of Sections 25 through 33, inclusive, of this Article". It is thus particularly appropriate for this Court, at this time, to defer to the Legislature and the remedy it has provided to resolve these issues of first impression. *Rostker v Goldberg,* — US —; 101 S Ct 1646; 69 L Ed 2d 478 (1981).

After the duly designated administrative authorities have had the opportunity to consider plaintiffs' claims on a suitable evidentiary record, plaintiffs, if still aggrieved, will have available adequate review in a judicial forum. MCL 600.631; MSA 27A.631, *Harper Hospital Employees' Union v Harper Hospital,* 25 Mich App 662, 666-667; 181 NW2d 566 (1970).

On this record, however, we cannot say that the administrative remedy afforded is patently useless or facially unconstitutional. Accordingly, in light of the existence of alternate remedies, mandamus must be denied. *Oakland County Board of Road Comm'rs v State Highway Comm,* 79 Mich App 505, 508; 261 NW2d 329 (1977), *lv den* 402 Mich 907 (1978), *Hunt v State Highway Comm'r,* 350 Mich 309; 86 NW2d 345 (1957).

The complaint for mandamus is therefore denied, without prejudice to the right of plaintiffs to pursue alternate remedies provided by law.