## BLODGETT, SUPERINTENDENT, WASHINGTON STATE PENITENTIARY *v.* CAMPBELL

No. A–851.  Decided May 14, 1993

JUSTICE O'CONNOR, Circuit Justice.

I have before me an application requesting that I vacate a remand order issued by an en banc panel of the United States Court of Appeals for the Ninth Circuit.  This is not the first time that applicant James Blodgett, who is Superintendent of the Washington State Penitentiary, has sought relief here with respect to Charles Campbell's second petition for a writ of habeas corpus.  Last Term applicant sought a writ of mandamus to compel the United States Court of Appeals for the Ninth Circuit to issue a decision in Campbell's appeal from a District Court decision denying the petition. *In re Blodgett*, 502 U. S. 236 (1992).  Campbell's appeal, which had been argued and submitted on June 27, 1989, still had not been resolved in January 1992, a delay of well over two years. *Id.*, at 237.  Although we declined to issue a writ of mandamus—applicant had failed to seek appropriate relief from the Court of Appeals before seeking extraordi-

nary relief here, *id.*, at 240—we expressed concern about the delay and noted that applicant was free to seek mandamus relief again if the panel did not handle the case expeditiously. *Id.*, at 240–241. In fact, we cautioned that "[i]n view of the delay that has already occurred any further postponements or extensions of time will be subject to a most rigorous scrutiny in this Court if [applicant] files a further and meritorious petition for relief." *Ibid.* Approximately three months later, the Ninth Circuit panel issued an opinion in applicant's favor.

That, however, did not end the matter. If applicant's account is correct, the Ninth Circuit since then has extended the time for filing a petition for rehearing in Campbell's case, granted rehearing en banc, and denied applicant's motion for expedited review. After vacating submission of the case so it could receive and review supplemental briefs, the Ninth Circuit en banc panel issued an order remanding the case to the District Court for an evidentiary hearing on whether hanging is cruel and unusual punishment under the Eighth Amendment. The court, however, did not indicate that the hearings the District Court already had held were inadequate. Nor did it conclude that the District Court would have erred had it denied Campbell a hearing altogether. Instead, the en banc court stated that, because it had "chosen to address whether hanging is cruel and unusual punishment," it would be helpful to have "the benefit of an evidentiary hearing, with findings and conclusions by the district court." *Campbell* v. *Blodgett*, No. 89–35210 (Apr. 28, 1993), p. 1. Applicant moved for reconsideration of that order, and the en banc court denied the motion. Judges O'Scannlain and Kleinfeld dissented:

> "Over a year ago, the Supreme Court reminded us that the State of Washington has sustained 'severe prejudice' by the stay of execution in this case, which is now over four years old. *In re Blodgett*, [502 U. S. 236 (1992)]. While the further delay to be caused by this

remand order may not be egregious, it is symptomatic of this court's handling of this case. . . . Absent any indication by this court that the district court erred—by holding that Campbell was [wrongfully] denied a hearing on this issue altogether or that the hearing given was somehow inadequate as a matter of law—I can see no basis to remand for a new evidentiary hearing." *Campbell* v. *Blodgett,* No. 89–35210 (May 7, 1993), pp. 2–3.

Frustrated with the slow rate of progress and the additional delay occasioned by the en banc court's April 28 remand order, Blodgett has submitted an application that asks me to vacate that order. Although I am concerned about the glacial progress in this case, I have grave doubts about my authority to offer such relief by way of application. After all, most applications seek temporary relief, such as a stay of judgment, vacation of a stay, or a temporary injunction, and only where necessary or appropriate in aid of this Court's jurisdiction. See, *e. g., Drummond* v. *Acree,* 409 U. S. 1228 (1972) (Powell, J., in chambers) (application for stay); *O'Brien* v. *Skinner,* 409 U. S. 1240 (1972) (Marshall, J., in chambers) (application for stay); see also *Coleman* v. *Paccar Inc.,* 424 U. S. 1301 (1976) (REHNQUIST, J., in chambers) (application to vacate lower court stay); *American Trucking Assns., Inc.* v. *Gray,* 483 U. S. 1306 (1987) (BLACKMUN, J., in chambers) (application for injunction requiring that funds be escrowed pending outcome of case). Applicant, however, does not seek *interim* relief. Nor has he filed with this Court a petition for either a writ of certiorari or an extraordinary writ. Rather, he requests that I act alone to vacate the remand order of the en banc court, thereby barring the case's return to district court and prohibiting the taking of more evidence. I have not located a single published order in which a Circuit Justice has vacated or reversed a court of appeals' order, other than an order providing interim relief; indeed, it appears that such an action would exceed my authority, which is limited to providing or vacating stays and

other temporary relief where necessary or appropriate in aid of this Court's jurisdiction. See *Kimble* v. *Swackhamer*, 439 U. S. 1385 (1978) (REHNQUIST, J., in chambers) ("It scarcely requires reference to authority to conclude that a single Circuit Justice has no authority to 'summarily reverse' a judgment of the highest court of a State; a single Justice has authority only to grant interim relief in order to preserve the jurisdiction of the full Court to consider an applicant's claim on the merits"). Because I do not believe I have the authority to vacate the Court of Appeals' remand order unilaterally in my capacity as Circuit Justice, the application is dismissed without prejudice.