# JUNE TERM, 1917.

BROWN *v.* GEORGE A. FULLER CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION LAW—BASIS OF AWARD—DEFENSES—WAIVER.

The defenses that an award by the industrial accident board was void because claimant was not incapacitated and away from his work for two weeks, and no notice of the injury was given within three months from the happening thereof, and no claim was made within six months after its occurrence, were waived where the employer joined in arbitration, paid the amount due thereunder, and acquiesced in the board's order by taking claimant back into his employ and giving him lighter work.

2. SAME—ASSIGNMENT OF CLAIM—EFFECT.

The assignment to defendant of claimant's cause of action against a physician for malpractice did not affect claimant's right to compensation in proceedings under the workmen's compensation act.

3. SAME—RETURN TO WORK.

Where claimant was awarded a certain sum as compensation to date of the award and to a certain sum per week thereafter, and the award provided that claimant should return to work at certain wages at light employment, the fact that the work to which claimant returned ended did not take away his right to compensation allowed him by the board.

4. SAME—EVIDENCE.

The questions raised which assumed that claimant was not injured as badly as he claimed, or if he was, that he had wholly recovered and that respondent had fully complied with the terms of the award, were questions of fact upon which the conclusions of the board were supported by the evidence.

Certiorari to Industrial Accident Board. Submitted

June 13, 1916.    (Docket No. 85.)    Decided June 27, 1917.

James B. Brown presented his claim for compensation against the George A. Fuller Company for injuries received in defendant's employ: On petition by defendant to be relieved from making further payments.    From an order denying the petition, defendant brings certiorari.    Affirmed.

*H. Monroe Dunham* and *John M. Dunham,* for appellant.

*E. A. Maher,* for appellee.

BIRD, J.    While defendant was engaged in constructing the Hotel Pantlind, in the city of Grand Rapids, claimant was in his employ.    On July 28, 1913, while at his work, plaintiff fell and sustained injuries which were diagnosed as a "strain of the left wrist and a contusion of the upper arm."    On August 11th he returned to his work, and thereafter served in the capacity of a watchman and did some light work on full pay.    In December, 1914, he was discharged.    On February 10, 1915, he filed his claim with the industrial accident board, and on April 28th was awarded by a committee of arbitration $7 per week for partial disability, and this sum was made to date from the time of discharge.    The board further ordered that claimant should return to work with full pay if defendant would furnish him with light work.    The defendant acquiesced in this order, and claimant remained in its service until the 1st day of September, 1915, on which date the hotel was completed, and claimant was discharged.    By reason of the continued demands of plaintiff upon defendant for compensation, it filed its petition in November, 1915, praying to be relieved from making further payments to him.    Claim-

ant answered the petition, and a hearing was had, at the conclusion of which the board denied the prayer of the petition and ordered defendant to pay him $7 per week from August 28, 1915, to the date of the hearing, amounting to $138.83, and it was further ordered that from and after the 13th day of January, 1916, the defendant should pay claimant "one-half of the difference between his weekly wage prior to the injury and the average weekly wage that he is able to earn within the limits prescribed by the statute." It is this order that is before us for review.

1. The first point made by defendant is that the original award was void:

(*a*) Because claimant was not incapacitated and away from his work for two weeks.

(*b*) Because no notice of the injury was given within three months from the happening thereof.

(*c*) Because no claim was made within six months after its occurrence.

Had defendant intended to raise these questions, it should have done so before the arbitration committee. Instead of doing so, it selected an arbitrator and joined in the arbitration, and after the award was made, it not only paid what was then due, but acquiesced in the optional order made by the board, by taking claimant back into its employ and furnishing him lighter work. These defenses were clearly waived by its conduct and its failure to raise them at the proper time.

2. After claimant's second discharge, he commenced suit in the circuit court of Kent county against Dr. Smith to recover damages for malpractice in the treatment of his injuries; but the suit never got beyond the service of process. Before the declaration was filed, claimant assigned whatever cause of action he had against Dr. Smith to defendant. It is now claimed that by reason of such assignment plaintiff has parted with all of his right to demand further compensation

for his injuries. Plaintiff's right to recover compensation in this proceeding is based upon injuries incurred while in the course of his employment. His claim against the doctor for damages, if he had one, depended upon his ability to show that the doctor improperly treated his injuries. By assigning his right to damages in the latter case, which was an action of tort, it would not necessarily carry with it a cause of action given him by the statute and resting upon contract. We think there is no merit in this contention.

3. Counsel assert that if the original award was valid it has been entirely complied with by defendant. Therefore the board should have declared it terminated. For the purpose of determining whether this point is well taken, it will be profitable to examine the terms of the award made by the committee of arbitration. The language is:

"That the said applicant, James B. Brown, is entitled to receive and recover from said respondent, George A. Fuller Company, the sum of seven dollars per week during disability (partial) from the 28th day of July, 1913, and that said applicant is entitled to receive and recover from said respondent on this date $77 (11 weeks), being the amount of such compensation that has already become due under the provisions of law, the remainder of said award to be paid to James B. Brown, applicant, by said respondent in weekly payments, commencing one week from the date of the award.

"It is the decision of the arbitration committee that Brown is to return to work for the George A. Fuller Company and furnished with such employment as he may be able to do. Wages to be $2 a day ($14 a week of 7 days). No time was lost by applicant from date of accident until December 26, 1914."

The Fuller Company agreed to furnish applicant with light work. Signed by the three members of the committee of arbitration.

Defendant elected to take claimant back into its em-

ployment, and up to the time that it discharged him, in September, 1915, it complied with the order. After that date it has not complied with the order, but for some reason assumes that its duty was at an end when the hotel was finished and it had no further work for the plaintiff. It is said he was given work as long as defendant had work to give him. The fact that it did or did not have employment for claimant would not terminate his right to compensation. The fact that it did not have any further work for claimant after September, 1914, would, doubtless, change the method of complying with the order; but it would not take away claimant's right to the compensation allowed him by the board.

4. Several other questions are raised and argued which assume claimant was not injured as badly as he claimed to be, or that if he were he has wholly recovered, and that defendant has fully complied with the terms of the award. These are questions of fact about which we shall not concern ourselves, as we are satisfied that the conclusions of the board are supported by evidence.

The order appealed from is affirmed.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., took no part in the decision.