KIBBEY v. L. O. GORDON MANFG. CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—ADDI-
TIONAL COMPENSATION.

In proceeding for additional compensation, finding of depart-
ment of labor and industry that employee's loss of vision in
right eye was due to accidental injury for which compensation
was previously awarded, *held*, justified, on record.

2. SAME—FINDING OF FACT FINAL WHERE SUSTAINED BY EVIDENCE.

Finding of department of labor and industry on issue of fact,
where sustained by competent evidence, is binding on Supreme
Court.

3. SAME—JUDGMENT—RES JUDICATA.

Defenses that employee had not sustained compensable injury
and that claim was barred by statute of limitations, having
been raised and decided adversely to employer in proceeding
for compensation, from which no appeal was taken, are not
available in subsequent proceeding for additional compensa-
tion for injury arising out of same accident (2 Comp. Laws
1929, § 8431).

Appeal from Department of Labor and Industry.
Submitted October 12, 1932. (Docket No. 78, Cal-
endar No. 36,543.) Decided December 6, 1932.

Ornie N. Kibbey presented his claim against L.
O. Gordon Manufacturing Company, employer, and
General Accident, Fire & Life Assurance Corpora-
tion, Limited, insurer, for an accidental injury suf-
fered while in defendant's employ. On petition for
further compensation. From an award to plaintiff,
defendants appeal. Affirmed.

*Parmenter & Van Eenenaam,* for plaintiff.

As to additional compensation for loss or impairment of eyesight
under workmen's compensation acts, see annotation in 8 A. L. R.
1324; 24 A. L. R. 1466; 73 A. L. R. 703.

As to conclusiveness of findings of fact where sustained by evi-
dence, see annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186.

*Kerr, Lacey & Scroggie,* for defendants.

North, J. In August, 1928, while in the employ of the defendant manufacturing company, plaintiff sustained an injury by reason of oil getting into his right eye. There seems to have been no report of the accident by either the employer or employee; and the former asserts that it had no knowledge of the accident having occurred. However, in February, 1929, plaintiff presented a claim for compensation, alleging injury to his right eye. The employer filed denial of liability. On March 28, 1929, the deputy awarded compensation for two weeks at $18 per week. This award was paid and the receipt filed, but the receipt was not approved. Nothing further occurred between the parties relative to this injury or compensation until November 14, 1931. On that date plaintiff petitioned for further compensation, alleging in the meantime he had suffered total loss of the sight of his right eye as the result of his former injury. An award of $18 per week for 100 weeks was made by the deputy commissioner, and upon review before the full board this award was affirmed. The defendants have appealed, and they assert that the application for further compensation should have been denied because:

"First, plaintiff did not show that this loss of vision was due to the accident; and, second, even though this were proved, he is barred by the statute of limitations."

As bearing upon these questions, we quote the following portion of the record. Plaintiff testified as follows:

"*Q.* You received an injury on August 1, 1928?
"*A.* Yes.

"*Q*. And were paid compensation for two weeks?

"*A*. Yes.

"*Q*. What is your condition now as compared to May 2, 1929 (the date the settlement receipt was signed)?

"*A*. Well, it is worse. I can't see anything and then I could see some. \* \* \*

"*Q*. Have you had any other injury to that eye other than that of August 1, 1928?

"*A*. No, sir. \* \* \*

"*Q*. How long ago did the sight in your right eye become that you could not see anything but shadow?

"*A*. About the first of June of this year (1931). \* \* \*

"*Q*. And in March, 1929, an order was made then of two weeks' compensation following August 8, 1929?

"*A*. Yes.

"*Q*. And since March of 1929 until you filed this petition you made no further claim for compensation?

"*A*. No, sir."

Dr. V. N. Morford, an eye, ear, nose, and throat specialist, testified in part as follows:

"*Q*. When did you first see him?

"*A*. In August, 1928.

"*Q*. Did you attend him at that time?

"*A*. Yes.

"*Q*. For what?

"*A*. He came up from the L. O. Gordon plant complaining of his eye smarting and hurting and blurring. He could not see so good. That was his eye condition at that time. \* \* \*

"*Q*. Did you learn the cause of this smarting?

"*A*. He said he got some oil in his eye three or four weeks previous to that time that I saw him.

"*Q.* Would that cause it?

"*A.* It would. It could. * * *

"*Q.* Have you seen him subsequent to 1928?

"*A.* I saw him three times in August and then not again until October 3, 1931.

"*Q.* What was his condition then, Doctor?

"*A.* He just came up at that time to find out if there was any help to the loss of vision to that right eye?

"*Q.* Did you examine him?

"*A.* Yes.

"*Q.* What did the examination show?

"*A.* It showed a very dense cornea and he could only see shadow at 10″ at that time. * * *

"*Q.* He sets the time (when loss of vision occurred) as June 1, 1931. From your examination could you tell from the density of the cornea how long it had been?

"*A.* No, sir.

"*Q.* Do you think that would be the probable date?

"*A.* It could be."

Two other specialists testified. The testimony of one of them is to the effect that plaintiff now has no useful vision for industrial purposes in the right eye and that this condition is permanent; that following the accident plaintiff reported to him "that he got oil in the eye;" that such an accident might, so far as witness knew, and probably would, incite the inflammation of the eye; and that witness had no other history of anything else having caused plaintiff's loss of sight in his right eye. There is other testimony in the record, some of which tends to corroborate that above quoted, and some of which tends to impair the probative force of the quoted testimony. But a full consideration of the record satisfies us that there was testimony from which the

commissioners could and did find that plaintiff's loss of vision in his right eye was due to the accident of August 1, 1928. We are bound by such finding. *Estrin* v. *Workmen's Circle Colony,* 249 Mich. 186.

The other question is whether plaintiff is barred by the statute of limitations. Appellants rely primarily upon the provisions contained in 2 Comp. Laws 1929, § 8431, and they also assert reliance upon the general statute of limitations. We think the defendants cannot rely upon the particular limitations embodied in the workmen's compensation act for the reason that there has already been an adjudication between these parties incident to this same injury resulting in an award which defendants paid to plaintiff. It seems that one of two things would necessarily follow, either that defendants waived any right they might have had to urge the defense of the statute of limitations, or that there was an adjudication contrary to this defense, if asserted; and there was no appeal from such adjudication.

It appears from this record that in the 1929 hearing between these parties incident to this same injury, the defendants gave notice that they denied liability because the plaintiff did not sustain an accidental injury arising out of and in the course of his employment with defendant, "that no claim for compensation was made within the statutory period," and, further, "that the above-named defendants did not receive notice or knowledge of an injury within the statutory period." In view of the award made in the 1929 hearing it cannot be questioned that the defense urged that plaintiff had not sustained a compensable injury was definitely

adjudicated against the employer and its surety. The claim is not made by defendants, nor could it be made successfully, that they now have a right to a second adjudication of that question. Likewise it appears conclusively that the defense of the statute of limitations was urged in the 1929 hearing. It must have been decided adversely to defendants otherwise there could have been no award. Such adjudication, no appeal having been taken, was final as between these parties. It could not be again raised and readjudicated incident to the subsequent application of plaintiff in the same proceeding for further compensation. The commission was right in holding that plaintiff's claim for further compensation was not barred either by the limitations contained in the workmen's compensation act or by the general statute of limitations.

"The defenses that an award by the industrial accident board was void because claimant was not incapacitated and away from his work for two weeks, and no notice of the injury was given within three months from the happening thereof, and no claim was made within six months after its occurrence, were waived where the employer joined in arbitration, paid the amount due thereunder, and acquiesced in the board's order by taking claimant back into his employ and giving him lighter work." *Brown* v. *George A. Fuller Co.* (syllabus), 197 Mich. 1.

The award is affirmed, with costs to appellee.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.