TAXPAYERS ALLIED FOR CONSTITUTIONAL TAXATION v
WAYNE COUNTY

Docket No. 139564. Submitted May 13, 1993, at Detroit. Decided February 8, 1994, at 9:15 A.M. Leave to appeal sought.

Taxpayers Allied for Constitutional Taxation, an unincorporated association, and David Pochmara brought an action in the Wayne Circuit Court against Wayne County, alleging that the county violated § 31 of the Headlee Amendment, Const 1963, art 9, § 31, by approving Wayne County Resolution 81-37, which adopted an increase in real estate transfer taxes, authorized by MCL 207.504; MSA 7.456(4), without voter approval. The court, John R. Kirwan, J., granted the defendant's motion for summary disposition, ruling that the plaintiffs' claims, initiated on January 11, 1991, were barred by the one-year statute of limitations provided in MCL 600.308a(3); MSA 27A.308(1)(3), because the plaintiffs did not initiate the action either within one year after March 31, 1981, the effective date of the statute that authorized an increase in real estate transfer taxes or one year after April 1, 1981, the effective date of Resolution 81-37. The plaintiffs appealed.

The Court of Appeals *held:*

1. The plaintiffs, as affected taxpayers, had standing to challenge the tax increase on its effective date, April 1, 1981. Their cause of action accrued at that time even though they had not yet paid the increased tax.

2. Const 1963, art 9, § 31 indicates that a cause of action has fully accrued when the unconstitutional action, the imposition of a new tax or the increase of an existing tax, with its clearly established consequences, occurs, without regard to when any individual taxpayer suffers monetary injury. The plaintiffs' argument that a continuing or repeated wrong tolled application of the statute of limitations is rejected because, pursuant to Const 1963, art 9, § 31, the cause of action arising from the

REFERENCES
Am Jur 2d, Taxpayers' Actions §§ 3, 4, 6, 36, 37.
See ALR Index under Limitation of Actions; Taxes; Taxpayers' Actions.

allegedly unconstitutional action was complete on April 1, 1981.

3. The evidence does not support the plaintiffs' allegation that the failure to place Resolution 81-37 before the voters constituted fraudulent concealment, estopping the defendant from asserting the statute of limitations as a defense.

4. The one-year period of limitation in MCL 600.308a(3); MSA 27A.308(1)(3) does not curtail or impose undue burdens upon the rights granted by the Headlee Amendment, Const 1963, art 9, §§ 25-34.

5. Section 308a(3) does not set forth barriers to the plaintiffs' challenge of its constitutionality. Insofar as § 308a(3) has limited the plaintiffs' challenge to the constitutionality of the county's action, it has done so independently of that action, and supplementally to the Headlee Amendment. The statute's validity does not rest on the validity of government actions challenged under the Headlee Amendment.

Affirmed.

1. TAXATION — ACTIONS — STANDING — ANTICIPATED DAMAGE — HEADLEE AMENDMENT.

Standing in actions under Const 1963, art 9, § 32 arises from a taxpayer's status as an affected party anticipating damage from the allegedly wrongful action; citizens obtain standing to litigate tax issues by demonstrating that the governmental action in issue, whether to spend or tax, poses the threat of substantial injury or damage.

2. TAXATION — ACTIONS — ACCRUAL — HEADLEE AMENDMENT.

A cause of action to enforce Const 1963, art 9, § 31 has fully accrued when the unconstitutional action, with its clearly established consequences, occurs, without regard to when any individual taxpayer suffers monetary injury as a result of the unconstitutional action.

3. CONSTITUTIONAL LAW — LIMITATION OF ACTIONS — HEADLEE AMENDMENT.

The one-year period of limitation on a taxpayer's right to bring suit to enforce the provisions of the Headlee Amendment is not an impermissible infringement on the rights guaranteed under the amendment and advances the amendment's purpose (Const 1963, art 9, §§ 31, 32; MCL 600.308a[3]; MSA 27A.308[1][3]).

*Tannian & Associates, P.C.* (by *Peter W. Macuga, II*), for the plaintiffs.

*Lewis, White & Clay, P.C.* (by *S. Allen Early, III*), for the defendant.

Before: NEFF, P.J., and MARILYN KELLY and WHITE, JJ.

PER CURIAM. Plaintiffs appeal as of right from a circuit court order granting defendant's motion for summary disposition on the ground that the statute of limitations barred plaintiffs' claims. We affirm.

In 1981, the Legislature amended § 4 of the real estate transfer tax act, MCL 207.504; MSA 7.456(4), to authorize an increase in real estate transfer taxes from fifty-five cents to seventy-five cents for each $500 of value for counties with a population in excess of two million, effective March 31, 1981. 1980 PA 413. On February 19, 1981, at an open meeting of the Wayne County Commission, the board of commissioners approved Wayne County Resolution 81-37, adopting the statutory increase for property transfers within Wayne County, effective April 1, 1981.

Plaintiffs initiated this action on January 11, 1991. They alleged that the county violated § 31 of the "Headlee Amendment," Const 1963, art 9, § 31, by increasing the transfer tax without first placing Resolution 81-37 before the voters of Wayne County. Pursuant to the county's motion for summary disposition under MCR 2.116(C)(7), the circuit court ruled that plaintiffs' claims were barred by the one-year statute of limitations provided in MCL 600.308a(3); MSA 27A.308(1)(3), because they did not initiate the action either within one year after March 31, 1981, the effective date of 1980 PA 413, or one year after April 1, 1981, the effective date of Resolution 81-37. Plaintiffs appeal from the order granting summary disposition to defendant.

I

The Headlee Amendment, Const 1963, art 9, §§ 25-34, became effective on December 23, 1978. Section 31 provides in relevant part that

> [u]nits of Local Government are hereby prohibited from levying any tax not authorized by law or charter when this section is ratified or from increasing the rate of an existing tax above that rate authorized by law or charter when this section is ratified, without the approval of a majority of the qualified electors of that unit of Local Government voting thereon.

Section 32 provides that

> [a]ny taxpayer of the state shall have standing to bring suit . . . to enforce the provisions of Sections 25 through 31, inclusive, of this Article and, if the suit is sustained, shall receive from the applicable unit of government his costs incurred in maintaining such suit.

In 1980, the Legislature amended the Revised Judicature Act to address taxpayers' suits brought pursuant to art 9, § 32. MCL 600.308a; MSA 27A.308(1). Among the new section's several provisions was a statute of limitations regarding such actions:

> A taxpayer shall not bring or maintain an action under this section unless the action is commenced within 1 year after the cause of action accrued. [MCL 600.308a(3); MSA 27A.308(1)(3).]

Section 308a did not address the time of a claim's accrual.

In 1990, this Court addressed the constitutional validity of § 308a(3), and held that the one-year period of limitation, as applied in that case, did

not impermissibly infringe on the rights guaranteed under the Headlee Amendment, did not curtail or place undue burdens on the exercise of those rights, and was a valid exercise of legislative authority. *Durant v Dep't of Ed (On Second Remand),* 186 Mich App 83, 97-99; 463 NW2d 461 (1990).

II

When a party moves for summary disposition under MCR 2.116(C)(7), we review the validity of the movant's claim by considering any affidavits, pleadings, depositions, admissions, and documentary evidence then filed or submitted by the parties. *Durant, supra* at 96. If there are no facts in dispute, the question whether the claim is statutorily barred is one of law for the court. *Smith v Quality Construction Co,* 200 Mich App 297, 299; 503 NW2d 753 (1993).

Plaintiffs assert no factual issues, but advance a number of legal arguments for overturning the summary disposition. They argue that their claims were not time-barred under § 308a(3) because they filed this action within one year of the sale of their properties, at which time the harm (the tax collection) occurred and their cause of action accrued. They also argue that their claims involve a continuing wrong, to which the statute of limitations does not apply. Thirdly, they argue that even if the period of limitation has run, the county's failure to place Resolution 81-37 before the Wayne County voters constitutes fraudulent concealment, estopping the county from asserting the limitation as a defense. Finally, they argue that notwithstanding *Durant,* § 308a(3) is unconstitutional as applied to § 31 of the Headlee Amendment. We will address the arguments in that order.

Plaintiffs' argument that their cause of action did not accrue until the tax was paid rests on the assertion that they did not suffer injury and did not have standing to challenge the tax until it was paid. *Waterford School Dist v State Bd of Ed,* 98 Mich App 658, 662; 296 NW2d 328 (1980), upon which plaintiffs rely, states the well-established rule that citizens obtain standing to litigate tax issues by demonstrating that the governmental action in issue, whether to spend or tax, poses the threat of substantial injury or damage. *Id.* at 662-663; *Menendez v Detroit,* 337 Mich 476, 482; 60 NW2d 319 (1953). Thus, as in other taxpayer suits, standing in actions under § 32 of the Headlee Amendment arises from a taxpayer's status as an affected party anticipating damage from the allegedly wrongful action. *Waterford Schools, supra.*

Here, the action that § 31 of the Headlee Amendment allegedly prohibited was the county's increase of an existing tax, without voter approval. That increase took effect on April 1, 1981. As affected taxpayers, plaintiffs had standing to challenge the increase on its effective date. Because plaintiffs could then commence an action, their cause of action accrued at that moment. *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146, 149; 200 NW2d 70 (1972). Because the damage in taxpayer suits need only be anticipated, plaintiffs' analogy to a tort action in which the plaintiff must have suffered damage before proceeding is inapposite. Had plaintiffs commenced this action within one year of the adoption of Resolution 81-37, but before the sale of their properties, the action would not have been subject to dismissal on the basis that a tax had not yet been paid.

For similar reasons, we also reject plaintiffs' argument of a continuing or repeated wrong toll-

ing application of the limitation. To be sure, where there are wrongful acts of a continuing nature, the period of limitation does not run from the date of the first act. *Defnet v Detroit,* 327 Mich 254, 258; 41 NW2d 539 (1950) (continuing trespass); *Hodgeson v Genesee Co Drain Comm'r,* 52 Mich App 411, 413; 217 NW2d 395 (1974) (continuing nuisance). Accord, *Hart v Detroit,* 416 Mich 488, 503-504; 331 NW2d 438 (1982) (inverse condemnation: where continuous wrong by the condemnor is alleged, "the statute of limitations does not begin to run until the consequences of the condemnor's actions have stabilized"); *Moore v Pontiac,* 143 Mich App 610, 613-614; 372 NW2d 627 (1985) (continuing nuisance). However, the plain wording of § 31 of the Headlee Amendment describes discrete actions —the imposition of a new tax, or the increase of an existing tax—and indicates that the cause of action has fully accrued when the unconstitutional action, with its clearly established consequences, occurs, without regard to when any individual taxpayer suffers monetary injury. Because the allegedly unconstitutional action was effective, and the cause of action arising from it was complete, on April 1, 1981, we decline to adopt plaintiffs' analogy to continuous or repetitive violations of employment rights, described in *Sumner v Goodyear Tire & Rubber Co,* 427 Mich 505, 524-526; 398 NW2d 368 (1986).

We also reject plaintiffs' argument regarding fraudulent concealment. Plaintiffs are correct that a party that has acted fraudulently is estopped from raising a statute of limitations defense. *Lothian v Detroit,* 414 Mich 160, 167; 324 NW2d 9 (1982) (citing *Kibbey v Gordon Mfg Co,* 260 Mich 531; 245 NW 512 [1932], *Klass v Detroit,* 129 Mich 35; 88 NW 204 [1901], and other cases). A plaintiff must, however, demonstrate an affirmative act or

misrepresentation, arrangement, or contrivance on the defendant's part of a character designed to prevent subsequent discovery. *Draws v Levin,* 332 Mich 447, 452; 52 NW2d 180 (1952); *Stroud v Ward,* 169 Mich App 1, 8; 425 NW2d 490 (1988).

It appears from an affidavit of the Wayne County Commission's clerk that the February 19, 1981, meeting was held in full compliance with the Open Meetings Act, MCL 15.261 *et seq.*; MSA 4.1800(11) *et seq.* The meeting was open and public, with public notice published beforehand, and minutes, including the resolution, made available to the public thereafter. According to the register of deed's affidavit, the fee schedule was also a matter of public record. These public actions undercut the claim that the county misrepresented its responsibility, or sought to prevent discovery of a potential claim.

Plaintiffs' argument that the statute of limitations is unconstitutional rests on the rule set forth in *Durant, supra,* that legislation affecting a self-executing constitutional provision (i.e., a provision that does not require legislative action for its operation) may supplement but not impose additional burdens on the rights guaranteed by the provision. *Id.* at 97-98. Plaintiffs argue that § 308a(3) effectively permits a local government that has violated § 31 of the Headlee Amendment to "freely continue to violate the constitution" after a year has passed without challenge. Plaintiffs also attempt to distinguish the tax increase challenged in this case from the action to compel state spending addressed in *Durant.* Finally, plaintiffs argue that a statute of limitations cannot prevent a plaintiff from seeking to remedy a constitutional violation to which that statute applies.

We disagree with plaintiffs' assertion that *Durant* "involved a government funding issue which

did not fall under Headlee." The plaintiffs in that case challenged the reduction of state funds as violative of § 29 of the Headlee Amendment. While some of their claims concerned unrestricted funding to which § 29 did not apply, *Durant, supra* at 94-95, others concerned state funding earmarked for a particular activity or service. *Id.* at 90-91, 94. Because the defendants had moved for dismissal of those claims pursuant to MCR 2.116(C)(7), citing § 308a(3), the Court addressed the plaintiffs' argument, similar to that advanced here, that by imposing a one-year period of limitation on the right to bring suit under § 32 of the Headlee Amendment, the Legislature had impermissibly restricted that right. As noted *supra,* the *Durant* Court held that the one-year limitation did not curtail or impose undue burdens upon the rights granted by the Headlee Amendment, but advanced the amendment's purpose. *Id.* at 98. It stated:

> At the close of any given fiscal year, if not sooner, a unit of local government possesses sufficient information to ascertain whether the state has breached any of its funding obligations under the amendment. A one-year period of limitation insures that a taxpayer or unit of local government will act promptly to protect the governmental unit's right to funding. Moreover, by forcing a taxpayer or governmental unit to act promptly, the period of limitation serves to insure the fiscal integrity of the local governmental unit and the state—an outcome consonant with the intent of the voters. In other words, by enacting a one-year period of limitation, the Legislature adapted the general laws of the state to better fulfill the purpose of the amendment. [*Id.* at 98-99.]

Although *Durant* addressed the one-year limitation in the context of an alleged violation of § 29 of the Headlee Amendment, we find its analysis to be

equally applicable to an alleged violation of § 31 of the Headlee Amendment. Although plaintiffs argue that until the tax was paid following the sale of their properties, they did not possess the information necessary to ascertain whether the county unconstitutionally had increased the tax, that argument confesses ignorance both of the county's resolution and the statutory increase on which it was based, and cannot stand on that ground. In general, everyone is presumed to know the law, both civil and criminal, and is bound to take notice of it. *Grand Rapids Independent Publishing Co v Grand Rapids,* 335 Mich 620, 630; 56 NW2d 403 (1953); *Krushew v Meitz,* 276 Mich 553, 558; 268 NW 736 (1936).

Finally, plaintiffs' reliance on *Diggs v State Bd of Embalmers & Funeral Directors,* 321 Mich 508; 32 NW2d 728 (1948), to support their argument that § 308a(3) cannot defeat their challenge of an unconstitutional action is misplaced. In *Diggs,* the plaintiff challenged the constitutionality of 1939 PA 229, regulating embalmers and funeral directors, pursuant to which the state Board of Embalmers and Funeral Directors had revoked the plaintiff's license. The provision setting forth the procedure for revoking a license permitted an aggrieved party to file for a hearing, an option that the plaintiff did not pursue. The defendant board argued that the plaintiff's failure to take advantage of the prescribed remedy precluded his constitutional challenge. The Supreme Court disagreed, saying, "It is scarcely logical to say that plaintiff is bound to press a remedy ostensibly granted by the statute the validity of which he assails." *Id.* at 513.

We see no parallels. To the extent the constitutionality of § 308a(3) itself is in issue, it has set forth no barriers, real or otherwise, to plaintiffs'

challenge of its constitutionality. Insofar as § 308a(3) has limited plaintiffs' challenge to the constitutionality of the county's action, it has done so independently of that action, and supplementally to the Headlee Amendment itself. *Durant, supra.* The statute's validity does not rest on the validity of government actions challenged under the Headlee Amendment.

### III

Because § 308a(3) barred plaintiffs' claims, the trial court's grant of summary disposition pursuant to MCR 2.116(C)(7) was proper.

Affirmed.