WAYNE COUNTY CHIEF EXECUTIVE v GOVERNOR

Docket No. 199290. Submitted March 17, 1998, at Lansing. Decided June 9, 1998, at 9:05 A.M.

The Wayne County Chief Executive and Wayne County brought an action in the Court of Claims against the Governor of the State of Michigan and others, alleging that between 1988 and 1994 legislation had been signed into law that imposed new requirements on or allowed for new activities by probate courts, that Wayne County Probate Court had implemented the legislation, that the implementation of the new legislative directives had caused the court to incur additional administrative and operating expenses, and that the county had been required to provide the funds for the new expenses because the Legislature had not appropriated or disbursed any funds to pay for the new activities and services of the probate court. The plaintiffs further alleged that the state's failure to fund the costs of the new activities and services was a violation of the requirements of Const 1963, art 9, § 29 and sought as remedies a declaration defining the parties' respective responsibilities regarding the payment of the implementation costs, an injunction requiring the defendants to appropriate and distribute funding for the new activities and services, and money damages to compensate the county for the total costs incurred in implementing the new activities and services. The court, Michael G. Harrison, J., granted summary disposition for the defendants, finding that it did not have subject-matter jurisdiction. The plaintiffs appealed and the defendants cross-appealed.

The Court of Appeals held:

1. The second sentence of Const 1963, art 9, § 29 provides: "A new activity or service or an increase in the level of any activity or service beyond that required by existing law shall not be required by the legislature or any state agency of units of Local Government, unless a state appropriation is made and disbursed to pay the unit of Local Government for any necessary increased costs." The clear intent of art 9, § 29 was to prohibit the state from requiring local units of government to provide new activities or services unless the state provided the funds necessary to cover the costs of the new activities or services.

2. The appropriate response of a local unit of government upon whom the state has imposed the responsibility of providing a new activity or service without appropriating and disbursing the funds necessary to cover the costs of the new activity or service is to refuse to provide the new activity or service and to bring an action for declaratory relief. Accordingly, except for special circumstances, damages are not an appropriate remedy by a local unit of government where the state had mandated a new activity or service and has not appropriated and disbursed the necessary funds to cover the costs of the new program.

3. Const 1963, art 9, § 32 provides that suits to enforce the provisions of art 9, § 29 may be brought by a taxpayer in the Court of Appeals, and MCL 600.308a(1); MSA 27A.308(1)(1) provides that actions brought pursuant to art 9, § 32 may be commenced in either the Court of Appeals or a circuit court having proper jurisdiction, at the option of the party bringing the action. Because the plaintiffs, a county and its chief executive, are representing the interest of taxpayers, they have standing under art 9, § 32 to enforce the provisions of art 9, § 29. Art 9, § 32 in conjunction with the statutory provision limits the choice of the forum in which to seek enforcement of the provisions of the second sentence of art 9, § 29 to either the Court of Appeals or a circuit court of proper jurisdiction. The Court of Claims is a court of limited jurisdiction, and there exists no basis on which to find that jurisdiction to enforce the provisions of the second sentence of art 9, § 29 lies in the Court of Claims. Because damages are not normally a proper remedy in an action to enforce the provisions of the second sentence of art 9, § 29, the jurisdiction of the Court of Claims to hear actions for damages brought against the state does not provide a sound basis for finding that the Court of Claims has jurisdiction to hear such actions. Accordingly, the court properly determined that it did not have subject-matter jurisdiction of the plaintiffs' action.

4. Because the Court of Claims does not have subject-matter jurisdiction of an action to enforce the provisions of the second sentence of art 9, § 29, the three-year limitation period contained in the Court of Claims Act, MCL 600.6452(1); MSA 27A.6452(1), is not applicable to the plaintiffs' action.

5. Because damages are not available as a remedy in an action to enforce the provisions of the second sentence of art 9, § 29, the one-year limitation of MCL 600.308a; MSA 27A.308(1)(3) is not applicable, because statutes of limitation do not bar the bringing of an action for declaratory relief or for injunctive relief to prevent a future wrong.

6. Although the Court of Claims properly determined that it did not have subject-matter jurisdiction of the plaintiffs' action, it erred in dismissing the plaintiffs' cause of action rather than transferring the action to a court of proper venue.

Affirmed in part, modified in part, and remanded.

1. ACTIONS — REMEDIES — DAMAGES — HEADLEE AMENDMENT — NEW ACTIVITIES OR SERVICES.

Damages are not normally an appropriate remedy in an action by a local unit of government brought to enforce the provisions of the Michigan Constitution concerning new activities or services that the state had required the local unit of government to provide but for which no state appropriation or disbursement was made to cover the necessary costs of implementation; the appropriate response of a local unit of government upon whom the state has imposed the responsibility of providing a new activity or service without appropriating and disbursing the funds necessary to cover the costs of the new activity or service is to refuse to provide the new activity or service and to bring an action for declaratory relief (Const 1963, art 9, § 29).

2. COURTS — COURT OF CLAIMS — SUBJECT-MATTER JURISDICTION — HEADLEE AMENDMENT — NEW ACTIVITIES OR SERVICES.

The Court of Claims lacks subject-matter jurisdiction of an action brought by a local unit of government to enforce provisions of the Michigan Constitution concerning new activities or services that the state has required the local unit of government to provide but for which no state appropriation or disbursement was made to cover the necessary costs of implementation (Const 1963, art 9, § 29).

3. ACTIONS — LIMITATION OF ACTIONS — DECLARATORY RELIEF — INJUNCTIVE RELIEF.

Statutes of limitation do not affect the bringing of actions for declaratory relief or injunctive relief to prevent a future wrong.

*Fink Zausmer, P.C.* (by *David H. Fink, Amy M. Sitner,* and *Gary K. August*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Thomas C. Nelson* and *Socorro Guerreo, Katharyn A. Barron,* and *Mitchell J. Wood,* Assistant Attorneys General, for the defendants.

Before: Hoekstra, P.J., and Jansen and Gage, JJ.

Hoekstra, P.J. This appeal raises a number of significant issues involved in pursuing an action based on the Headlee Amendment of the Michigan Constitution, Const 1963, art 9, §§ 25-34. Resolution of these issues requires that we properly construe the second sentence of § 29 of the Headlee Amendment, which states:

> A new activity or service or an increase in the level of any activity or service beyond that required by existing law shall not be required by the legislature or any state agency of units of Local Government, unless a state appropriation is made and disbursed to pay the unit of Local Government for any necessary increased costs.

In this regard, we decide the following three questions of law: first, whether money damages are an available remedy for a violation of the second sentence of § 29 of the Headlee Amendment; second, whether the Court of Claims has subject-matter jurisdiction to hear Headlee Amendment claims; and third, whether the one-year period of limitation set forth at MCL 600.308a(3); MSA 27A.308(1)(3) or the three-year period of limitation set forth at MCL 600.6452(1); MSA 27A.6452(1) is applicable to a suit brought pursuant to the second sentence of § 29 of the Headlee Amendment.

We hold that money damages are neither a necessary nor proper remedy in a suit in which a violation of the second sentence of § 29 of the Headlee Amendment is established. We further hold that the Court of Claims lacks subject-matter jurisdiction to hear Headlee Amendment claims, because money damages are, at best, an aberrant remedy for a violation of § 29

and the Court of Claims does not have subject-matter jurisdiction absent a claim for money damages. Finally, we hold that because money damages are not an available remedy in a suit brought pursuant to the second sentence of § 29 of the Headlee Amendment, neither the one-year period of limitation set forth at MCL 600.308a(3); MSA 27A.308(1)(3) nor the three-year period of limitation set forth at MCL 600.6452(1); MSA 27A.6452(1) is applicable to such a suit.

## I. FACTS

Between 1988 and 1994, the Governor signed into law a series of bills passed by the Legislature affecting the probate court system.[1] According to plaintiffs, the acts imposed new requirements on or allowed for new activities beyond those required by existing law. The Wayne County Probate Court apparently implemented the acts on their various effective dates. Plaintiffs alleged that the implementation of the acts caused the court to incur additional administrative and operating expenses, which, in turn, plaintiffs were required to provide because the Legislature had not appropriated or disbursed any funds to pay the necessary costs of the new activities and services.

Positing that the acts violated the second sentence of § 29 of the Headlee Amendment, plaintiffs filed suit in the Court of Claims in September 1995. Plaintiffs sought three remedies: a declaratory judgment defin-

---

[1] Although plaintiffs identified thirty-one public acts in their complaint, they voluntarily dismissed the action with regard to eleven of such acts, leaving the following twenty public acts relevant to this litigation: 1988 PA 13, 1988 PA 76, 1988 PA 205, 1988 PA 398, 1989 PA 67, 1989 PA 69, 1989 PA 71, 1990 PA 313, 1990 PA 314, 1991 PA 90, 1991 PA 93, 1991 PA 98, 1993 PA 259, 1993 PA 361, 1994 PA 202, 1994 PA 209, 1994 PA 222, 1994 PA 239, 1994 PA 264, and 1994 PA 340.

ing the parties' respective responsibilities regarding the payment of the implementation costs in light of the Headlee Amendment, a mandatory injunction requiring defendants to provide for the appropriation and distribution of funding for the new activities and services, and money damages to compensate plaintiffs for the total costs incurred in implementing the acts beginning with the fiscal year 1991-92. The parties filed motions for summary disposition on various grounds, but the ultimate decision of the Court of Claims was to dismiss sua sponte plaintiffs' suit for a lack of subject-matter jurisdiction.

## II. MONEY DAMAGES

We first address whether a plaintiff in a suit brought pursuant to the second sentence of § 29 of the Headlee Amendment may recover money damages. This case is properly analyzed as a case brought pursuant to the second sentence of § 29 because plaintiffs alleged in their complaint that the acts required the Wayne County Probate Court to implement new activities or services or increase its level of existing activities or services. We address the money damages issue before the subject-matter jurisdiction issue because whether money damages are an available remedy is an inquiry necessarily preceding a determination of whether the Court of Claims has subject-matter jurisdiction.

We review de novo constitutional issues and construction. *Kuhn v Secretary of State*, 228 Mich App 319, 324; 579 NW2d 101 (1998). As our Supreme Court has stated, in order to properly interpret the meaning of the Headlee Amendment, "we must ascertain the intent of the voters who passed [it]." *Durant v State*

*Bd of Ed*, 424 Mich 364, 378; 381 NW2d 662 (1985). The starting point for that inquiry is "the language of the constitution itself." *Id.* However, the Headlee Amendment does not expressly provide for damages as a remedy. The sole reference in the Headlee Amendment to the remedy contemplated by the Legislature and adopted by the voters is found in § 32, the standing provision of the amendment. Const 1963, art 9, § 32. This section states that any taxpayer of the state shall have standing "to enforce" the provisions of the amendment, although the section does not elaborate on the type of enforcement intended.

" 'While intent must be inferred from the language used, it is not the meaning of the particular words only in the abstract or their strictly grammatical construction alone that governs.' " *Livingston Co v Dep't of Management & Budget*, 430 Mich 635, 643; 425 NW2d 65 (1988) (quoting *White v Ann Arbor*, 406 Mich 554, 562; 281 NW2d 283 [1979]). Rather, " '[t]he words are to be applied to the subject matter and to the general scope of the provision, and they are to be considered in light of the general purpose sought to be accomplished or the evil sought to be remedied by the constitution.' " *Id.* In general, the subject matter of § 29 reflects an effort on the part of the voters to forestall any attempt by the Legislature to shift fiscal responsibility for services to the local government, once state revenues were limited by the Headlee Amendment, in order to save the money the state would have had to appropriate to provide the services itself. *Durant, supra* at 379. The scope of the section reveals that it was specifically intended to encompass two different injuries. As the great mass of people surely understood from the language of the section,

claims brought pursuant to § 29 arise from situations involving one of two harms: either the withdrawal of state financial support where such support of state-mandated local activities was already being provided or the introduction of new local obligations without accompanying and offsetting state appropriations. *Livingston, supra* at 644.

The bifurcated nature of the Headlee Amendment is derived from its express language. The first sentence of § 29 states that "[t]he state is hereby prohibited from reducing the state financed proportion of the necessary costs of any existing activity or service required of units of Local Government by state law." The second sentence of § 29 states:

> A new activity or service or an increase in the level of any activity or service beyond that required by existing law shall not be required by the legislature or any state agency of units of Local Government, unless a state appropriation is made and disbursed to pay the unit of Local Government for any necessary increased costs.

Thus, as a threshold matter, we are persuaded from the subject matter and scope of § 29 that courts should construe the phrase "to enforce" in § 32 differently depending on which sentence of § 29 a claimant invokes.

With regard to the type of enforcement mechanism, we next examine the purpose sought to be accomplished by the second sentence of § 29. In general, the purpose of this sentence of § 29 was to ensure that the state would fund any new activity or service or an increase in the level of any activity or service required by the state. *Livingston, supra* at 648. The drafters' notes to the amendment state that " '[n]o

mandated activity or service should be legally binding on any local unit until the appropriations for such mandated activity or service is made and disbursed to the applicable local units,' " as quoted in *Schmidt v Dep't of Ed*, 441 Mich 236, 257, n 24; 490 NW2d 584 (1992). For this reason, our Supreme Court, albeit in dicta, noted that any perceived "Hobson's choice" between raising taxes or cutting programs is illusory because the local unit of government retains control of its resources and has a "real choice" in whether to offer an unfunded "mandated" program. *Id.* at 260, n 28.

Simply put, cases brought pursuant to the second sentence of § 29 address future services or activities. *Durant, supra* at 379. A plaintiff who brings suit pursuant to the second sentence of § 29 is seeking funding for the future implementation of the newly mandated service or activity. The alleged injury to be remedied is not the state's past nonperformance of a financial obligation. Rather, because of the parties' disagreement, a court has yet to determine and impose the obligation. Thus, the remedy required in a case brought pursuant to the second sentence comprises a resolution of the parties' prospective rights and obligations by declaratory judgment. The specific course of action a claimant faced with an unfunded new activity or service should take is to refuse to fund the activity or service in question, while at the same time seeking a declaratory judgment on its obligation under the Headlee Amendment to fund those services.[2] *Durant v Michigan*, 456 Mich 175, 205, 210;

---

[2] For example, defendants attached to their brief on appeal several letters from persons in the probate court system written as early as March 1989. The letters evidence awareness that the new acts would increase the

566 NW2d 272 (1997). The state would then either have to fund the activity, remove the mandate, or obtain a stay from the judiciary. *Id.* at 205-206.

Therefore, the subject matter, scope, and purpose of § 29 of the Headlee Amendment convince us that in cases establishing a violation of the second sentence of § 29 of the Headlee Amendment, an award of money damages is neither necessary nor proper.[3] In so holding, we find that a declaratory judgment alone may be sufficient to compel obedience to the constitutional mandate of § 29. However, pursuant to MCR 2.605(F), a plaintiff could also seek "other relief" in the form of an injunction enjoining the state from requiring the local unit of government to provide the new activity or service. Through declaratory and injunctive relief, the courts effectively implement the phrase "to enforce" in § 32 of the Headlee Amendment.

---

costs that plaintiffs allege Wayne County was required to incur. Nonetheless, the Wayne County Probate Court implemented the acts, and plaintiffs did not file suit until September 1995. Despite plaintiffs' sympathetic position in incurring this financial burden, we believe that the only possible avenue for attacking the new acts was for plaintiffs to maintain the status quo and seek a judicial determination of the obligation, if any, to implement the new mandates.

[3] In so holding, we decline to address the merits of two related issues presented by defendants because the issues are moot: whether plaintiffs incurred any money damages because the county refused to increase funding to the probate court, and whether plaintiffs waived any right to money damages by voluntarily funding the new activities or services. For reasons other than mootness, we also decline to address defendants' argument that the Headlee Amendment is inapplicable to this case because the burden of funding the new activities and services falls on the probate court, which is part of state government, and not on plaintiffs, a local unit of government and its chief executive. We believe that justice would be better served if, upon transfer, the parties litigated this issue in light of our holding that an award of money damages is neither necessary nor proper in a case establishing a violation of the second sentence of § 29 of the Headlee Amendment.

Although this is an issue of first impression for Michigan courts in that it involves the appropriate remedy for a claim brought pursuant to the second sentence of § 29 of the Headlee Amendment, our analysis and holding are supported by our Supreme Court's recent decisions. First, in *Durant*, 456 Mich 210, n 39, the Court observed that "declaratory relief alone may be the appropriate method of 'enforcing' § 29, particularly in cases of new mandates where the lack of entrenched obligations gives units of local government fairly free choice not to commence an unfunded state mandate." Next, in *Oakland Co v Michigan*, 456 Mich 144, 167; 566 NW2d 616 (1997), the Court reasoned that "[i]f monetary damages were routinely available for § 29 violations, additional taxation may be necessary to fund the damage award," a result that would be inconsistent with the "raison d'être of Headlee."

We are cognizant that our Supreme Court's decision in *Durant*, 456 Mich 203-211, identifies a narrow window through which monetary relief may sometimes be available in cases brought pursuant to the first sentence of § 29 that arise from underfunding of an existing activity or service and other exceptional facts, such as the "prolonged recalcitrance" of the defendants. There, the Court stated that "[t]he prolonged 'recalcitrance' of the state in shirking its obligations to fund state-mandated services clearly cannot be cured by declaratory relief alone." *Durant*, 456 Mich 210. Inasmuch as it was a remedy "tailored to fit" what the Court hoped was a "very unusual violation," *id.* at 217-218, the money damages remedy may be limited to the plaintiff in the *Durant* controversy, *id.* at 227 (BRICKLEY, J., concurring in part and dissent-

ing in part). In any event, on the basis of our analysis, we do not find the same window open in cases brought pursuant to the second sentence of § 29, cases that arise from a lack of funding for a new activity or service or an increase in the level of any activity or service. Indeed, where a local unit of government refuses to fund the services in question, there is no financial advantage gained from recalcitrance by the state, whether prolonged or otherwise.

Therefore, to the extent that, upon transfer of this matter to a court with proper subject-matter jurisdiction, plaintiffs are able to prove a violation of the second sentence of § 29 of the Headlee Amendment, plaintiffs will not be entitled to money damages as a remedy, but will be limited to the declaratory remedies we have outlined.

### III. SUBJECT-MATTER JURISDICTION

Having decided that a plaintiff in a suit brought pursuant to the second sentence of § 29 of the Headlee Amendment may not recover money damages, we now turn to the second issue of first impression, which is whether the Court of Claims has subject-matter jurisdiction to hear Headlee Amendment suits. Subject-matter jurisdiction is a question of law that we review de novo. *WA Foote Memorial Hosp v Dep't of Public Health*, 210 Mich App 516, 522; 534 NW2d 206 (1995).

The term jurisdiction refers to the power of a court to act and the authority a court has to hear and determine a case. *In re Waite*, 188 Mich App 189, 196-197; 468 NW2d 912 (1991). In this regard, the Headlee Amendment states that "[a]ny taxpayer shall have standing to bring suit in the Michigan State Court of

Appeals to enforce the provisions of Sections 25 through 31." Const 1963, art 9, § 32. Additionally, the Legislature provided a plaintiff with the option of invoking circuit court jurisdiction over Headlee Amendment claims. MCL 600.308a(1); MSA 27A.308 (1)(1) states that "[a]n action under section 32 of article 9 of the state constitution of 1963 may be commenced in the court of appeals, or in the circuit court in the county in which venue is proper, at the option of the party commencing the action." This statute was apparently a legislative response to this Court's decision in *Waterford School Dist v State Bd of Ed*, 98 Mich App 658, 664; 296 NW2d 328 (1980), that in the absence of a specific grant of exclusivity to the Court of Appeals, the circuit court also had concurrent jurisdiction over a suit based on the Headlee Amendment where standing was otherwise present. See *Pulver v Dundee Cement Co*, 445 Mich 68, 75; 515 NW2d 728 (1994). Consequently, a plaintiff may properly file its case in either this Court or the circuit court.

By drawing an analogy to this Court's holding in *Waterford* that the circuit court has concurrent jurisdiction over Headlee claims, plaintiffs opine that the Legislature has also conferred concurrent jurisdiction on the Court of Claims, and that the Court of Claims in this case improperly held otherwise. Plaintiffs concede that this Court's holding in *Waterford* addressed the circuit court's concurrent jurisdiction with this Court and not the concurrent jurisdiction of the Court of Claims with this Court. Nonetheless, plaintiffs argue that the opinion stands for "general principles of jurisdiction" that would apply to the Court of Claims. Plaintiffs point out that § 32 does not state

that it establishes *exclusive* jurisdiction in the Court of Appeals; therefore, plaintiffs argue that MCL 600.308a(1); MSA 27A.308(1)(1), which references suits brought under § 32, cannot establish exclusive jurisdiction in either the circuit court or this Court. Moreover, plaintiffs argue that they cannot be constrained by the jurisdictional choices of § 32 because that section refers only to a suit filed by a "taxpayer" and the county is not a taxpayer but a local unit of government.

Initially, we find that because plaintiffs are effectively representing the interests of taxpayers, § 32 properly grants plaintiffs standing to bring this suit pursuant to § 29 of the Headlee Amendment. Several cases of this Court have found that both entities and persons bringing a claim for relief under § 29 should be treated similarly. See, e.g., *Taxpayers Allied for Constitutional Taxation v Wayne Co*, 203 Mich App 537, 542; 513 NW2d 202 (1994), rev'd on other grounds 450 Mich 119; 537 NW2d 596 (1995); *East Jackson Public Schools v Michigan*, 133 Mich App 132, 138; 348 NW2d 303 (1984); *Durant v Dep't of Ed*, 110 Mich App 351, 353; 313 NW2d 571 (1981), rev'd on other grounds 413 Mich 862 (1982). See also *Oakland Co, supra* at 167 (plurality opinion).

Additionally, we find that art 9, § 32 and MCL 600.308a(1); MSA 27A.308(1)(1) together limit plaintiffs' jurisdictional choices to either this Court or the circuit court. We are not persuaded by plaintiffs' expansion of our holding in *Waterford*. The holding in *Waterford* was premised upon the broad jurisdictional grant accorded to the circuit court; therefore, it cannot be extended by analogy to establish concurrent jurisdiction in the Court of Claims, which does not

have the same broad jurisdictional grant. Circuit courts are created by the state constitution with general and original jurisdiction over all matters not prohibited by law. Const 1963, art 6, § 13; MCL 600.605; MSA 27A.605. In contrast, the Court of Claims is created by statute and has only limited jurisdiction. MCL 600.6419(1); MSA 27A.6419(1); *Dunbar v Dep't of Mental Health*, 197 Mich App 1, 5; 495 NW2d 152 (1992). Indeed, in the statute establishing the Court of Claims, the Legislature specifically acknowledged the limited jurisdiction it was granting in providing that "this chapter shall not deprive the circuit court of this state of jurisdiction over . . . actions against state agencies based upon the statues of this state in such case made and provided, which expressly confer jurisdiction thereof upon the circuit court." MCL 600.6419(4); MSA 27A.6419(4).

Plaintiffs also cite our Supreme Court's holding in *Silverman v Univ of Michigan Bd of Regents*, 445 Mich 209, 212; 516 NW2d 54 (1994), as support for their argument that the Court of Claims is the proper forum in which to seek claims of money damages from the state or its agencies. For the reasons already discussed, this argument is without merit because money damages are not available in suits brought pursuant to the second sentence of § 29 of the Headlee Amendment. Regarding suits brought pursuant to the first sentence of § 29 of the amendment, our Supreme Court held that money damages are available only on an extremely limited basis. *Durant*, 456 Mich 217-218; *Oakland Co, supra* at 166-167 (plurality opinion), 168 (MALLETT, C.J.). Therefore, money damages are, at best, an aberrant remedy for violations of § 29 of the Headlee Amendment. Conse-

quently, we are not persuaded that plaintiffs' argument justifies concluding that the Court of Claims has subject-matter jurisdiction of Headlee Amendment claims.[4] Therefore, the Court of Claims properly found that it lacked subject-matter jurisdiction to hear this case.

#### IV. STATUTE OF LIMITATIONS

Although an order of the Court of Claims regarding the applicable statute of limitations is consequently of no force or validity, *Waite, supra* at 197, we nonetheless decide the issue to offer the parties guidance. In the interest of judicial economy, this Court is permitted to decide a question of law when the record is sufficiently developed to resolve the issue. See, e.g., *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994).

According to the parties, there are two competing periods of limitation in this case. Defendants assert that the applicable period is one year, as set forth at MCL 600.308a(3); MSA 27A.308(1)(3), which states that a "taxpayer shall not bring or maintain an action under this section unless the action is commenced within 1 year after the cause of action accrued." Plaintiffs rely upon the three-year period set forth at MCL 600.6452(1); MSA 27A.6452(1), which states that "[e]very claim against the state, cognizable by the

---

[4] Moreover, in *Silverman, supra* at 217, our Supreme Court held that the Court of Claims lacks jurisdiction over a case not including a claim for money damages. Therefore, we find that a contrary holding in this case regarding the subject-matter jurisdiction over Headlee Amendment claims would have impractical results. For example, a plaintiff who files in the Court of Claims and pleads for relief in the form of money damages in its complaint would be required to refile its case in either the circuit court or this Court if the Court of Claims dismissed its claim for money damages.

court of claims, shall be forever barred unless the claim is filed with the clerk of the court or suit instituted thereon in federal court as authorized in section 6440, within 3 years after the claim first accrues." We hold that neither period is applicable to this suit.

First, MCL 600.6452(1); MSA 27A.6452(1) is part of the Court of Claims Act, MCL 600.6401 *et seq.*; MSA 27A.6401 *et seq.* In light of our holding that the Court of Claims lacks subject-matter jurisdiction to hear Headlee Amendment claims, we have no reason to apply the statute of limitations governing actions brought in the Court of Claims. Next, in light of our holding that money damages are not an available remedy for a violation of the second sentence of § 29 of the Headlee Amendment, plaintiffs' claim is not barred by the period set forth at MCL 600.308a(3); MSA 27A.308(1)(3), because the statute of limitations does not affect a claim for declaratory relief. *Taxpayers Allied for Constitutional Taxation v Wayne Co*, 450 Mich 119, 128-129; 537 NW2d 596 (1995). Similarly, the statute of limitations does not affect a claim for injunctive relief to prevent a future wrong. *Id.* at 127-128. We therefore hold that the periods of limitation set forth at MCL 600.308a(3); MSA 27A.308(1)(3) and MCL 600.6452(1); MSA 27A.6452(1) are inapplicable to a suit brought pursuant to the second sentence of § 29 of the Headlee Amendment. Inasmuch as plaintiffs' cause of action is limited to such declaratory or injunctive relief, it is not barred.

### V. CONCLUSION

We affirm the order of the Court of Claims finding that it lacked subject-matter jurisdiction, but modify that aspect of its order dismissing plaintiffs' cause of

action pursuant to MCR 7.216(A)(7) to instead provide that the action is transferred to a court of proper venue, as decided following an opportunity for the parties to be heard concerning the venue question. Plaintiffs shall be liable for costs pursuant to MCR 2.223(B)(1) but shall not be held liable for reasonable compensation for defendants' expenses, because this appeal raises questions of public interest and importance, including constitutional questions not considered before.

Remanded to the Court of Claims for further proceedings consistent with this opinion. We do not retain jurisdiction.