Saad, J.
(dissenting). I respectfully dissent because the majority acts precipitously by dismissing this case summarily without the benefit of a special master’s review and recommendation.
I agree with the basic proposition that underlies the majority’s opinion that plaintiffs’ art 9, § 29 Headlee “funding” claims that were or could have been made in Durant I[1] or were settled by way of the 1997 state settlement[2] are barred by the doctrines of res judicata[3] and release,[4] respectively, and should therefore be dismissed. The problem is that at this point in the proceedings it is not entirely clear which of the plaintiff school districts’ claims are so barred and which are not.
Because we have not heard testimony or admitted documents as exhibits or had the benefit of expert testimony on any of the school districts’ claims or the state’s defenses or on the pivotal and complex issue of school funding, it is premature to summarily dismiss all the plaintiff school districts’ claims. Accordingly, prudence would suggest referring this matter to *716 a special master for proposed findings of fact and recommendations for our review.[5]
There are several reasons why reference to a special master is warranted: (1) Some of the school districts’ claims may arise because of rules or regulations promulgated by the state after our Supreme Court’s 1997 decision in Durant I and after the 1997 settlement.[6] Accordingly, a more comprehensive anal *717 ysis of plaintiffs’ claims is necessary to determine if all of plaintiffs’ claims in this suit could have been asserted in Durant I or were settled by the 1997 state settlement; (2) Some of the school districts’ allegations may involve funding decisions by the state that postdate Durant I and the 1997 state settlement.* *****[7] Accordingly, if there are claims that fall in this category, further analysis may reveal that some may be barred by res judicata, and some may not; (3) Because the nature of mos[8] and poum[9] causes of action are fundamentally different both in the proofs needed for recovery and the nature of the relief allowable pursuant to these separate constitutional provisions, it is not totally clear that all the school districts’ complaints before us could have been litigated in Durant *718 I or were settled in the 1997 settlement.[10] While the ultimate conclusion may be that there is no difference between mos and poum claims for purposes of res judicata, the complexity of this issue warrants reference of this matter to a special master for findings and recommendations.
To date, we have not received testimony from fact or expert witnesses with regard to the details of the specific claims made in Durant I or here. Also, we have not had the benefit of expert testimony regarding the relevant and complex question of state funding of our schools. Instead, to date, we only have the benefit of the parties’ pleadings and briefs, none of which constitute admissible evidence on which to make important judgments regarding the school districts’ challenges to the constitutionality under Headlee of the state’s funding of school districts.
In other words, summary disposition is premature and I would respectfully urge the appointment of a special master, as in Durant I, to take evidence and make recommended findings.
For the foregoing reasons, I respectfully dissent from the majority’s summary dismissal of plaintiffs’ second amended complaint.

 Durant v State Bd of Ed, 424 Mich 364; 381 NW2d 662 (1985); case resolved by Durant v Michigan, 456 Mich 175; 566 NW2d 272 (1997).

 See MCL 388.1611f.

 Ditmore v Michalik, 244 Mich App 569, 576; 625 NW2d 462 (2001).

 Romska v Opper, 234 Mich App 512, 516; 594 NW2d 853 (1999); Collucci v Eklund, 240 Mich App 654, 658; 613 NW2d 402 (2000).

 In Durant I, our Supreme Court suggested the appointment of a special master to resolve the myriad complex factual questions presented. Accordingly, in an order entered April 10, 1986, this Court appointed special master Judge George R. Deneweth and remanded the case to him to take proofs and make findings of fact. Durant v Dep’t of Ed (On Second Remand), 186 Mich App 83, 89; 463 NW2d 461 (1990). On second remand from our Supreme Court, this Court again remanded the case to Judge Deneweth because additional findings of fact were necessary to resolve certain cost and funding issues. Id. at 113-114. Following another remand by our Supreme Court, this Court appointed Judge James E. Mies as special master to receive and consider proofs regarding necessary costs and calculations pursuant to Schmidt v Dep’t of Ed, 441 Mich 236; 490 NW2d 584 (1992). Durant v Dep’t of Ed (On Third Remand), 203 Mich App 507, 520; 513 NW2d 195 (1994).

 By way of illustration, in count i, ¶ 15 of plaintiffs’ second amended complaint, plaintiffs allege:
A. By operation of 1999 AACS, R 340.1721e(3)(g) and (h), school districts are required to provide transitional services for special education students. These are activities or services that were not required by law as of December 23, 1978.
* * *
D. By operation of 1999 AACS, R 340.1744, school districts are required to provide the services of a teacher for a maximum of 10 students who are classified as physically and otherwise health impaired. Under the law as of December 23, 1978, (administrative rule R340.1744), the class size could not exceed 15 students per teacher.
* * *
F. By operation of 1999, AACS, R 340.1745, school districts are required to provide the services of a teacher to manage a caseload of no more than 60 students classified as speech and language impaired. This is an increase in the level of the required activity or *717 service beyond that required by state law as of December 23, 1978, when the maximum teacher caseload was 75 students.
G. By operation of 1999, AACS, R 340.1750 local school districts are required to employ the services of a director of special education for not less than half-time in order to administer the special education activities and services provided by those school districts. This is a new activity or service that was not required by law as of December 23, 1978.

 For example, plaintiffs allege that
ft]he School Aid Act, wherein all school appropriations occur, is amended by the Legislature on an on-going basis for each successive school year.” The school districts further claim that “the plaintiffs’ request for relief in this case is for a declaratory judgment that the 2000 Amendment to the Act 2000 PA 297, involving funding for the 2000-01, 2001-02 and 2002-03 school years, MCL 388.1620, does not meet the funding obligation imposed on the state by the second sentence of § 29 of the Headlee Amendment, Const 1963, art 9, § 29.

 In Durant, supra, 456 Mich 181, our Supreme Court referred to the first sentence of art 9, § 29 as the “Maintenance-of-Support Clause.”

 Poum refers to the second sentence of art 9, § 29 or, as the majority labels it, the “Prohibition-of-Unfunded-Mandates Clause.”

 See Wayne Co Chief Executive v Governor, 230 Mich App 258, 269; 583 NW2d 512 (1998) (“to the extent that, upon transfer of this matter to a court with proper subject-mater jurisdiction, plaintiffs are able to prove a violation of the second sentence of § 29 of the Headlee Amendment, plaintiffs will not be entitled to money damages as a remedy, but will be limited to the declaratory remedies we have outlined.”)